P. F. TYLER v. STATE.

No. A-261.  Opinion Filed November 18, 1909.

(104 Pac. 919.)

1.  **APPEAL—Necessity of Accused Being in Custody.** Where a defendant has been convicted and sentenced to serve a term in state prison, and perfects an appeal to this court, it is essential that he should be in custody pending his appeal, by being confined in the county jail or state prison, as may be provided by law. or constructively in custody by being admitted to bail; otherwise he waives his right of having his conviction reviewed by this court.

2.  **APPEAL—Dismissal—Escape by Accused.** The Criminal Court of Appeals will not consider an appeal unless the defendant is. where he can be made to respond to any judgment or order which may be rendered in the case. And where the defendant

makes his escape from the custody of the law, and is at large as a fugitive from justice, this court will on motion dismiss the appeal.

(Syllabus by the Court.)

*Appeal from District Court, Blaine County; Frank M. Bailey, Judge.*

P. F. Tyler was convicted of forgery and appealed. Motion by the State to dismiss the appeal, for the reason that appellant had escaped from the custody of the law and was a fugitive from justice. Appeal dismissed, and cause remanded, with directions.

See, also, 2 Okla. Cr. 455, 102 Pac. 716.

Plaintiff in error, P. F. Tyler, was indicted in the district court of Blaine county, tried by a jury, and found guilty of the crime of forgery. Motions for a new trial and in arrest of judgment having been made, and overruled and exceptions allowed, the court adjudged according to the verdict, on the 22d day of April, 1909, that he, P. F. Tyler, be sentenced to the state prison to be confined at hard labor for a term of three years; term to begin at the time said defendant is delivered to the warden of the state prison. On the same day he prayed an appeal to the Criminal Court of Appeals, which was granted, and 60 days were given him in which to prepare and serve a case-made. On June 19th the time was extended 30 days from the 21st day of June. On July 17, 1909, there was filed with the clerk of this court a petition in error and case-made, together with proof of service of notices of appeal, upon H. N. Boardman, county attorney for Blaine county, and E. J. Warner, clerk of the district court of said county.

On the 5th day of November, 1909, there was filed in this case the motion of the Attorney General, on behalf of the state, to dismiss the appeal, which motion is as follows:

"Comes now the above-entitled defendant in error, the state of Oklahoma, by its Attorney General, Charles West, and the Assistant Attorney General, Charles L. Moore, and moves the above-entitled court to grant an order dismissing the plaintiff in error's appeal filed herein, and in support hereof alleges and states: (1)

That the plaintiff in error herein has heretofore, until the 6th day of August, A. D. 1909, been confined and imprisoned in the county jail of Blaine county, state of Oklahoma, and was so confined and imprisoned therein under and by virtue of an order of the district court of Blaine county, Okla., and also under and by virtue of an order of the above-entitled Criminal Court of Appeals of the state of Oklahoma, pending his appeal herein, and while in default of bail. That on the 6th day of August, A. D. 1909, while the said P. F. Tyler was then and there so imprisoned and confined in said jail, under and by virtue of the above-described orders, the said P. F. Tyler did then and there unlawfully and wrongfully, and without authority of law, make his escape from the said jail, and did thereafter flee from the said county of Blaine and from the state of Oklahoma, and that the said plaintiff in error, P. F. Tyler, is at this time a fugitive from justice and his present whereabouts unknown. That by reason thereof the said plaintiff in error, P. F. Tyler, has abandoned his appeal in the above-entitled cause of action, and has wrongfully and unlawfully fled from the jurisdiction of the above-entitled court, and is not longer entitled to have his appeal considered and determined in the above-entitled court, and all of which actions upon the part of the said plaintiff in error, P. F. Tyler, have been voluntary and wrongful and unlawful and contrary to law and the orders of the court. In support hereof are attached the affidavits of George A. McArthur, P. W. Southwick, and W. B. Skeen, and by this reference made a part hereof. Wherefore, the defendant in error respectfully prays the court to grant and issue an order dismissing the plaintiff in error's appeal herein, and remanding this case to the trial court, with instructions to carry into effect the original judgment and sentence of the court herein."

This motion is founded on the affidavit of George A. McArthur, sheriff of Blaine county, which affidavit is as follows:

"I, George A. McArthur, of lawful age, after being first duly sworn, do depose and say: That I am the duly elected, qualified, and acting sheriff of Blaine county, state of Oklahoma, and that I have been such sheriff since on or about the —— day of ——, A. D. ——. I further certify and state that I have been personally acquainted with the above-named plaintiff in error, P F. Tyler, for —— years last past. That the said P. F. Tyler was convicted of the offense of forgery in the second degree upon the trial of the case to review which his appeal to the above-entitled

court has been taken. That in the trial of the said case in the district court of Blaine county, Okla., which said case was and there entitled, 'Case No. ——, The State of Oklahoma, Plaintiff, v. P. F. Tyler, Defendant,' the said defendant, P. F. Tyler, was sentenced by the trial court to three years' imprisonment, at hard labor, in the State Penitentiary at McAlester, Okla, as shown by the records and proceedings in said case. That on the —— day of ——, A. D. ——, the said P. F. Tyler was remanded by the Criminal Court of Appeals to .my care and custody as sheriff of Blaine county, Okla., and was thereafter detained and imprisoned in the common jail of Blaine county, Okla., in the town of Watonga therein, under and by virtue of said order and commitment. That thereafter, to wit, on the 6th day of August, A. D. 1909, while the said P. F. Tyler was so confined and imprisoned in said common jail of Blaine county, Okla., and in my care and custody, as the sheriff of said county, he, the said P. F. Tyler, did then and there, without my knowledge or consent and against my will, escape from said common jail of Blaine county, Okla., and flee from said Blaine county and from the state of Oklahoma, and that the said P. F. Tyler is at this time a fugitive from justice, and his present whereabouts is to this affiant unknown."

Also the affidavits of P. W. Southwick and W. B. Skeen, deputy sheriffs of said county, corroborating the foregoing affidavit, notice of the motion to dismiss was served on counsel for plaintiff in error. The cause was submitted on said motion on November 6, 1909.

*Baker & Bloss,* for plaintiff in error

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., and *H. N. Boardman,* County Atty., for the State.

DOYLE, JUDGE (after stating the facts as ·above). The question presented for decision, by the motion of the Attorney General on behalf of the state, in this case, is a new one in this court, although the like question has often been considered and decided by other courts of last resort. It will be observed that it is shown by the affidavit of the sheriff of Blaine county, upon which the motion to dismiss is founded, that the plaintiff in error, P. F. Tyler, escaped from his custody on the 6th day of August, 1909, and is at large as an escaped convict. His appeal

to this court was perfected on July 17, 1909. There has been no appearance on behalf of the plaintiff in error to resist the motion. However it may be argued that under the provisions of the act of criminal procedure, the defendant is entitled to have his appeal considered. Section 5606, Wilson's Rev. & Ann. St. 1903, provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

Doubtless this is the law; and, if the defendant in this case had remained in the custody of the law, his appeal would have been considered upon the assignments of error, and the judgment against him reviewed by this court, but he cannot unlawfully escape from the custody of the law, and, while he is at large as an escaped convict and fugitive from justice, claim the right to have his appeal considered and determined, and thus obtain a review by this court of the judgment and rulings of which he complains.

From a review of the authorities we are convinced that it is no part of our duty as an appellate court to consider or review the judgment, orders, and rulings of which he complains, while he is at large as an escaped convict. Such has been the uniform holding of the courts of last resort in other jurisdictions, and it meets our full approval. In the language of Chief Justice Waite, in *Smith v. United States*, 94 U. S. 97, 24 L. Ed. 32, we may say of the case at bar:

"If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not as he may consider most for his interest. Under such circumstances we are not inclined to hear and decide what may prove to be only a moot case."

While it is the constitutional right of the accused, in a criminal prosecution "to be heard by himself and counsel," it must be held, we think, that he has no right to appear by counsel alone after he has escaped from lawful custody and is at large.

"A provision of the Constitution that the defendant has a

right to be heard in person or by counsel does not entitle the defendant to appear by counsel when he has escaped." (*Com. v. Andrews,* 97 Mass. 543; *People v. Genet,* 59 N. Y. 80, 17 Am. Rep. 315.)

In Maine the court declined to hear argument until the defendant was brought into custody. This is probably the earliest case in the United States. Anonymous, 31 Me. 592.

"Where an appeal is taken to a higher court, and the defendant is not required to personally appear before the appellate court, the fact of the escape is usually brought to the court's notice by affidavit filed by the prosecution."

See *People v. Redinger,* 55 Cal. 290, 36 Am. Rep. 32; *Sherman v. Com.,* 14 Grat. (Va.) 677.

In *McGowan v. People,* 104 Ill. 100, 44 Am. Rep. 87, Chief Justice Scott said:

"The plaintiffs in error are in no position to invoke the judgment of this court in respect to the errors alleged to have been committed on their trial and conviction in the court below. They do not stand ready to abide that judgment when pronounced, but since suing out the writ they have broken jail, and fled from the custody of the officer, and are standing in defiance of the law and its officers. It is a matter within the discretion of the court whether we will hear the writ under these circumstances. The better practice clearly is that the cause shall not proceed to a hearing when the persons to be affected are not within the jurisdiction of the court to answer to its judgment, but are in the attitude of fugitives from justice. While it is not essential to the validity or binding force of any judgment which may be rendered by this court upon exceptions presented by one who has been convicted upon a criminal charge that he should be present in court, either at the hearing of the cause or upon the rendering of the judgment, yet it would be idle for the court to proceed to determine the questions presented when the possibility of enforcing whatever judgment it might pronounce must depend upon the option of the fugitive to return into custody, or upon the remote chances of their ultimate recapture by the officers of the law. Before the powers of the court can appropriately be called into action in a criminal procedure like this. the person to be affected by the judgment ought to be within the control of the court below, either actually by being in custody, or constructively by being on bail. The reason of the rule is obvious.

Should a hearing of the cause result in an affirmance of the judgment below, the escaped prisoners would not be likely to return voluntarily to meet the execution of the sentence. Should a reversal result, they might return and submit to another trial, or not, as the grounds of the decision might suggest to them the prudence of one or the other course of action. We do not think it would subserve the ends of justice to permit persons charged with crime to speculate in this manner upon their chances of escape or conviction. Persons appealing to this court for redress should stand in an attitude to accept and abide the result, whatever that may be. The authorities upon the question are in harmony with the reason of the rule. *  *  * "

The appellant, by escaping from jail, where he was being held pending a determination of his appeal to this court, has voluntarily withdrawn himself from the jurisdiction of the court. So far as he has any right to be heard under the Constitution, and the statute before this court, he must be deemed to have waived it by escaping from the custody of the law. Where a person convicted of a felony has escaped from the custody of the law, no order or judgment, if any should be made, can be enforced against him, and appellate courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of an escaped convict. While we find no express provision of our statute authorizing a dismissal of an appeal in a criminal case for the reasons stated in the present motion, we are of opinion that the appellant by his own act has waived the right to have his case considered and determined. In this conclusion we are sustained by the authorities quoted, and many others.

For the reasons given, the motion of the Attorney General to dismiss the appeal is sustained, and the cause remanded to the district court of Blaine county, with directions to cause the judgment and sentence to be carried into execution.

FURMAN, Presiding Judge, and OWEN, Judge, concur.