### MELVIN M. JACOBS v. STATE.

No. A-263.    Opinion Filed April 21, 1910.

(108 Pac. 429.)

1.    APPEAL—Right of Accused to Review—Escape Pending Appeal. Where a defendant has been convicted of murder and sentenced to imprisonment for life at hard labor in the state penitentiary, and perfects an appeal to this court, and while said appeal is pending makes his escape from the custody of the law, he thereby waives his right of having said conviction reviewed by this court.

2.    SAME—Dismissal of Appeal. The Criminal Court of Appeals will not consider an appeal, unless the defendant is where he can be made to respond to any judgment or order which may be rendered in the case, and where the defendant makes his escape from the custody of the law, or is at large, as a fugitive from justice, this court will on motion dismiss his appeal.

(Syllabus by the Court.)

*Appeal from District Court, Alfalfa County; M. C. Garber, Judge.*

Melvin M. Jacobs was convicted of murder, and appeals. Dismissed and remanded.

*Geo. W. Partridge,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE. Melvin M. Jacobs, plaintiff in error, was convicted of murder. His conviction was had upon an indict- ment returned at the March, 1909, term of the district court of the Twentieth judicial district, held within and for Alfalfa county, wherein said indictment charged that he did on the 1st day of February, 1909, with malice aforethought, kill and mur- der one Arthur L. Strole, by shooting him with a pistol. Upon his trial the jury returned a verdict of guilty and assessed the penalty at imprisonment for life at hard labor in the state peni- tentiary. April 1, 1909, the court pronounced judgment and sentence in accordance with the verdict. From which judgment and sentence an appeal was taken by filing in this court peti- tion in error, with case-made attached, July 28, 1909. In the meantime plaintiff in error was committed to the county jail of Garfield county. At this, the March term of this court, said cause was orally argued and submitted on briefs and argument. On April 4, 1910, there was filed in the case a motion of the Attorney General on behalf of the state to dismiss the appeal, which motion, omitting the formal parts, is as follows:

"Comes now the Attorney General for and upon behalf of the state of Oklahoma, and informs the court that heretofore, to wit, on April 1, 1910, the plaintiff in error, Melvin M. Jacobs, being confined in the county jail of Garfield county, Okla., for safe-keeping, awaiting the disposition of his appeal herein, did then and there wilfully and unlawfully effect his escape from said jail by forcibly breaking therefrom, and is now at large, a fugitive from justice, all of which appears from the affidavit of the sheriff of said Garfield county, the keeper of said jail, and having at the time the lawful custody of the accused, which said affidavit is hereto attached, marked 'Exhibit A,' and made a part of this motion. Wherefore the Attorney General says that, un- der the law and the rulings of this court, the plaintiff in error has forfeited his right to an appeal, and in legal effect has. abandoned the same, in that he now refuses to submit himself to undergo such judgment as may be rendered herein."

Attached to said motion, as "Exhibit A" is the affidavit of S. C. Campbell, sheriff of Garfield county, the material part of which is as follows:

"S. C. Campbell, of lawful age, being first duly sworn, on his oath state: That he is the duly elected, qualified, and acting sheriff of Garfield county, Okla., and has been such at all times hereinafter mentioned. That on the 1st day of April, 1909, one Melvin M. Jacobs was sentenced to life imprisonment by the district court of Alfalfa county, Okla., and thereafter was committed to the custody of affiant as sheriff of Garfield county, pending the appeal of said Melvin M. Jacobs. That on the 1st day of April, 1910, the said Melvin M. Jacobs ,by sawing the clasp off of the window bars, escaped from the Garfield county jail and is now at large and has not yet by affiant been apprehended. That a copy of the commitment under which affiant has held the said Melvin M. Jacobs is hereto attached and made a part of this affidavit."

Upon the facts stated the principles of law are the same as in the case of *Tyler v. State, ante,* p. 179, 104 Pac. 919, wherein this court said:

"From a review of the authorities we are convinced that it is no part of our duty as an appellate court to consider or review the judgment, orders, and rulings of which he complains, while he is at large as an escaped convict. Such has been the uniform holding of the courts of last resort in other jurisdictions, and it meets our full approval. * * * The appellant, by escaping from jail, where he was being held pending a determination of his appeal to this court, has voluntarily withdrawn himself from the jurisdiction of the court. So far as he has any right to be heard under the Constitution, and the statute before this court, he must be deemed to have waived it by escaping from the custody of the law. Where a person convicted of a felony has escaped from the custody of the law, no order or judgment, if any should be made, can be enforced against him, and appellate courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of an escaped convict. While we find no express provision of our statute authorizing a dismissal of an appeal in a criminal case for the reason stated in the present motion, we are of opinion that the appellant by his own act has waived the right to have his case considered and determined. In this conclusion we are sustained by the authorities quoted, and many others."

The doctrine if the Tyler Case is approved, and on the authority of that case the motion of the Attorney General to

dismiss the appeal is sustained, and the case remanded to the district court of Alfalfa county, with direction to have the judgment and sentence carried into execution.

FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.