## W. S. TANNER v. STATE.

No. A-698.   Opinion Filed March 21, 1911.

(144 Pac. 360.)

APPEAL—Dismissal—Fugitive From Justice. The Criminal Court of
Appeals will not consider an appeal, unless the plaintiff in error
is where he can be made to respond to any judgment or order
which may be rendered in the case; and where the plaintiff in
error becomes a fugitive from justice, this court will on motion
dismiss his appeal.

(Syllabus by the Court.)

*Appeal from Coal County Court; R. H. Wells, Judge.*

W. S. Tanner was convicted of having liquor in his posses-
sion for purpose of sale, and he appeals. Dismissed.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty.
Gen., for the State.

DOYLE, JUDGE. W. S. Tanner, plaintiff in error, was tried
and convicted in the county court of Coal county upon an in-
formation charging the possession of intoxicating liquor for the
unlawful purpose of selling the same, and was sentenced to be im-
prisoned in the county jail for a term of 90 days and pay a fine
of $300 and costs. The judgment and sentence was entered on
February 3, 1910, from which judgment an appeal was taken
by filing in this court on April 4, 1910, a petition in error, with
case-made attached.

No briefs have been filed, and the Attorney General has filed
a motion to dismiss said appeal, which motion, omitting the formal
parts, is as follows:

"First. Because the petition in error and case-made was filed
in this court on the 4th day of April, 1910, and the clerk's record
discloses that no brief for and on behalf of the plaintiff in error
had been filed up to and including the 16th day of March, 1911,
nor had any extension of time been granted within which to file
same. Therefore plaintiff in error has not complied with rule 4

of this court, and has abandoned his appeal, and the same should be dismissed for want of prosecution. Second. Because, since instituting this appeal, plaintiff in error has become a fugitive from justice upon other charges preferred against him by the state of Oklahoma, in Coal county, Oklahoma, and his whereabouts are unknown, as is disclosed by the affidavit of Jas. R. Wood, county attorney of said county, which is attached hereto and made a part of this motion, marked 'Exhibit A.' Wherefore, the Attorney General says that this appeal should be dismissed."

In support of said motion is the affidavit of the county attorney of Coal county, the material part of which is as follows:

"My name is Jas. R. Wood, my address is Coalgate, Oklahoma, and I am now the county attorney in and for the county of Coal, state of Oklahoma, and have been acting in that capacity continuously since the admission of the state into the Union. At the January, 1910, term of the county court of Coal county, state of Oklahoma, the above-named plaintiff in error, W. S. Tanner, was tried in said county court, and was convicted, upon a charge of having the unlawful possession of intoxicating liquors; his punishment being fixed by the jury trying the case at $300 fine and 90 days' imprisonment in the county jail. The date of the judgment was the 3d day of February, 1910, and the county court number of the case was 669. The plaintiff in error, in due time, perfected his appeal to the Criminal Court of Appeals, where the cause is now pending. At the October, 1910, term of said county court, said plaintiff in error had pending therein three other cases, in one of which he was being prosecuted upon an indictment charging him with selling whisky unlawfully, and in the other two he was being prosecuted upon informations charging him with having the unlawful possession of intoxicating liquors, and he was under bonds for his appearance at said term of said county court in each of these cases. At said October, 1910, term of said county court, a forfeiture was taken on plaintiff in error's said appearance bonds, upon his failure to appear in accordance therewith, and suit ordered by the court to be brought thereon. On the 17th day of December, 1910, suit was filed in said appearance bonds against the sureties thereon, since which time said sureties have been endeavoring to ascertain the whereabouts of the said W. S. Tanner, and, as affiant has been informed, have offered liberal rewards for his arrest and return. Affiant states that said plaintiff in error went to Ft. Worth, Texas, in or about

the month of August, 1910, where, according to affiant's best information and belief, he remained for the period of a month or two, and from which place, as affiant has been informed, said plaintiff in error went to New Mexico. Affiant states that, since said plaintiff in error left Coal county, state of Oklahoma, in or about the month of August, 1910, as aforesaid, he has not returned to the state of Oklahoma, that he is a fugitive from justice, and that his present whereabouts is unknown to the officers of Coal county. Affiant further states that there are two other cases, wherein the said W. S. Tanner is plaintiff in error, pending in the Criminal Court of Appeals of the state of Oklahoma, and in which cases he was convicted upon charges of violating the prohibitory liquor laws of the state."

From the facts stated, the principles of law are the same as in the case of *Tyler v. State,* 3 Okla. Cr. R. 179, 104 Pac. 919, 26 L. R. A. (N. S.) 921, wherein this court said:

"From a review of the authorities we are convinced that it is no part of our duty as an appellate court to consider or review the judgment, orders, and rulings of which he complains, while he is at large as an escaped convict. Such has been the uniform holding of the courts of last resort in other jurisdictions, and it meets our full approval. * * * The appellant, by escaping from jail, where he was being held pending a determination of his appeal to this court, has voluntarily withdrawn himself from the jurisdiction of the court. So far as he has any right to be heard under the Constitution and the statute before this court, he must be deemed to have waived it by escaping from the custody of the law. Where a person convicted of a felony has escaped from the custody of the law, no order or judgment, if any should be made, can be enforced against him, and appellate courts will not give their time to proceedings which, for their effectiveness, must depend upon the consent of an escaped convict. While we find no express provision of our statute authorizing a dismissal of an appeal in a criminal case, for the reason stated in the present motion, we are of opinion that the appellant by his own act has waived the right to have his case considered and determined. In this conclusion we are sustained by the authorities quoted, and many others."

From the failure to file briefs, it is evident that the prosecution has been abandoned. The motion of the Attorney General

to dismiss the appeal is sustained, and the cause remanded to the county court of Coal county, with direction to enforce the judgment and sentence.

FURMAN, PRESIDING JUDGE, and ARMSTRONG, JUDGE, concur.