## ANSON W. MOREY v. STATE.

No. A-970.    Opinion Filed September 19, 1911.

(117 Pac. 774.)

**APPEAL AND ERROR**—Dismissal. An appeal will not be considered by this court, when the plaintiff in error is a fugitive from justice and cannot be made to respond to any judgment or order which may be made in the case; and, on proper motion and showing by the Attorney General, the appeal, when such conditions are disclosed, will be dismissed.

(Syllabus by the Court.)

*Appeal from District Court, Okmulgee County; W. L. Barnum, Judge.*

Anson W. Morey was convicted of manslaughter, and appeals. Dismissed.

*Crump, Skinner & Bailey* and *Stanford & Cochran,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiff in error was convicted at the June, 1910, term of the district court of Okmulgee county of the crime of manslaughter, and sentenced to serve 10 years in the state penitentiary on the 1st day of July, 1910. Bail was fixed at $10,000. This was given, and plaintiff in error was discharged

from custody pending the appeal. Counsel have perfected their appeal and filed their brief, as provided by the statute and the rules of this court.

On July 6, 1911, the Attorney General filed a motion to dismiss the appeal, which motion is as follows:

"Because the said plaintiff in error, Anson W. Morey, is now and has been for more than a year last past a fugitive from justice from the state of Oklahoma, and that his present residence is unknown; that since this appeal has been pending in this court plaintiff in error has committed another offense, amounting to a felony, against the laws of this state, and immediately after the commission of such offense fled without the bounds of this state and beyond the jurisdiction of this court, and his whereabouts is now unknown, as appears from the affidavit of J. W. Childers, county attorney in and for Okmulgee county, Oklahoma, which is hereto attached, marked 'Exhibit A,' and made a part of this motion, and the affidavit of Sam Higginbotham, deputy sheriff of Okmulgee county, Oklahoma, and the affidavit of J. W. Sullins, one of the board of county commissioners of Okmulgee county, Oklahoma, hereto attached and marked 'Exhibit B,' and 'Exhibit C,' respectively, and made a part of this motion."

The allegations of the motion to dismiss have not been controverted, and under the rulings of this court we have no alternative, except to dismiss the appeal. The question here raised was determined in the case of *Tyler v. State,* 3 Okla. Cr. 179, 104 Pac. 919, 26 L. R. A. (N. S.) 921. See, also, *Jacobs v. State,* 3 Okla. Cr. 648, 108 Pac. 429, *Tydings v. State,* 4 Okla. Cr. 659, 112 Pac. 759, and *Tanner v. State,* 5 Okla. Cr. 298, 114 Pac. 360.

Following the rule laid down in the above cases, the appeal in this case is dismissed.

FURMAN, P. J., and DOYLE, J., concur.