## WILEY BRASWELL v. STATE.

No. A-862.    Opinion Filed November 11, 1911.

APPEAL—Escape of Accused—Dismissal. The Criminal Court of Appeals will not determine an appeal where the plaintiff in error is not within the control of the court either actually, by being in custody, or constructively, by being enlarged on bail, and where the plaintiff in error has broken jail and absconded, the court will, on motion, dismiss his appeal.

(Syllabus by the Court.)

*Appeal from District Court, Haskell County; Malcolm E. Rosser, Judge.*

Wiley Braswell was convicted of the crime of rape, and appeals. Appeal dismissed.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Wiley Braswell, was convicted in the district court of Haskell county of the crime of

rape, and was sentenced to imprisonment in the state penitentiary for a term of ten years. The judgment and sentence was rendered and entered on June 16, 1910. An appeal was perfected by filing in this court on August 19, 1910, a petition in error with case-made.

On November 11, 1911, the cause coming on to be heard by the court on the regular call of the assignment of the November term, no appearance was made for plaintiff in error. The Attorney General presented a motion to dismiss the appeal for the reason that on December 17, 1910, the plaintiff in error, having failed to give an appeal bond, and committed to the county jail pending his appeal, broke jail and absconded, and is now at large a fugitive from justice, all of which appears from the affidavits of L. D. Allen, sheriff of Haskell county, J. M. Hickman, jailor, and John Bailey, jail guard of said county.

The motion to dismiss was filed February 10, 1911, and no response has been made.

The rule is well settled that an appellate court will refuse to determine a criminal cause on appeal where the plaintiff in error has broken jail and absconded and is not within the control of the court, either actually, by being in custody, or constructively, by being out on bail.

In the case of *Tyler v. State*, 3 Okla. Cr. 179, 104 Pac. 919, 26 L. R. A. (N. S.) 921, it was held that:

"Sl. 1. Where a defendant has been convicted and sentenced to serve a term in state prison, and perfects an appeal to this court, it is essential that he should be in custody pending his appeal, by being confined in the county jail or state prison, as may be provided by law, or constructively in custody by being admitted to bail; otherwise he waives his right of having his conviction reviewed by this court.

"Sl. 2. The Criminal Court of Appeals will not consider an appeal unless the defendant is where he can be made to respond to any judgment or order which may be rendered in the case. And where the defendant makes his escape from the custody of the law, and is at large as a fugitive from justice, this court will dismiss the appeal."

The plaintiff in error will not be heard to question the correctness of the judgment of conviction, where in flagrant violation of the authority of the court and of the law, he has chosen to undertake to relieve himself by breaking jail and absconding.

The motion of the Attorney General to dismiss the appeal is sustained, and the cause remanded to the district court of Haskell county, with direction to enforce its judgment therein.

FURMAN, P. J., and ARMSTRONG, J., concur.