## ASA SIMERSON v. STATE.

No. A-1693.   Opinion Filed April 5, 1913.

(130 Pac. 1112.)

1. **APPEAL—Dismissal.** Where a motion is made to dismiss an appeal for defects in the record, and the matter is set for hearing, and the appellant does not appear or file a correction to the record, the motion will be taken as confessed.

2. **APPEAL—Record—Correction.** For the manner in which jurisdictional defects may be cured in a record, see opinion.

(Syllabus by the Court.)

*Appeal from Craig County Court;*
*S. F. Parks, Judge.*

Asa Simerson was convicted of violating the prohibitory liquor law, and appeals. Dismissed.

*Riddle & Bennett,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J.   Appellant was convicted of violating the prohibitory liquor law, and his punishment was assessed at a fine of $50 and 30 days' confinement in the county jail.   From this judgment appellant attempted to appeal.

On the 8th day of July, 1912, the Attorney General filed a motion to dismiss this appeal upon the following grounds:

"First.   Because no written notice of appeal was ever served on the clerk of the county court in which this case was tried as required by law.

"Second.   Because the record shows that this is an attempted appeal from a judgment of conviction for a misdemeanor rendered in the county court of Craig county, Okla., on the 19th day of January, 1912, at which time the court granted the defendant 60 days to prepare and serve the case-made, but did not grant any additional extension of time for filing petition in error and case-made in this court; that thereafter, to wit, on the 9th day of March, 1912, the judge of said court made

an order extending the time for filing the appeal in this court for 20 days from and after the expiration of the time theretofore allowed, which said extended time expired on and with the 8th day of April, 1912, and the petition in error and case-made were not filed in this court until the 12th day of April, 1912, four days after said time had expired."

On the 16th day of July, 1912, appellant responded to this motion, and offered to prove as a matter of fact that notices of appeal had been served upon the county attorney of Craig county, Okla., and the clerk of the county court of Craig county, Okla., as required by law, and also that on the 8th day of April, 1912, the county court of Craig county made and entered an additional order extending the time for five days in which to file the appeal in this court. The matter was set down for hearing upon this motion and response of appellant, but appellant failed and neglected to appear or to correct the record.

Section 1919, Comp. Laws 1909, (Rev. Laws, sec. 1771), is as follows:

"Said court (Criminal Court of Appeals) shall have power, upon affidavit or otherwise, to ascertain such matter of fact as may be necessary to the exercise of its jurisdiction."

If, as a matter of fact, proper notices of appeal had been served in this case, appellant could have established that fact by affidavits or by a stipulation agreed to and signed by the county attorney of Craig county. If as a matter of fact the county court of Craig county had on the 8th day of April, 1912, granted an order extending the time for 5 days for perfecting the appeal in this court, then it was the duty of counsel for appellant to have had a *nunc pro tunc* order entered by the county court showing that fact and have the same certified to this court by the clerk of the county court of Craig county.

Both of the defects in the record complained of in the motion to dismiss are jurisdictional. This court cannot therefore treat the motion to dismiss other than as confessed, and the appeal is accordingly dismissed.

ARMSTRONG, P. J., and DOYLE, J., concur.