## ROY PEEL v. STATE.

No. A-1858. Opinion Filed April 22, 1913.

(131 Pac. 548.)

APPEAL—Escape—Dismissal of Appeal. Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case; and where a defendant makes his escape from the custody of the law and becomes a fugitive from justice the appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Roy Peel was convicted of crime, and appeals. Dismissed.

*Harris & Nowlin, William H. Zwick,* and *Giddings & Giddings,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* for the State.

DOYLE, J. The plaintiff in error, Roy Peel, was convicted of the crime of aiding suicide, under an information filed in the district court of Oklahoma county March 11, 1912, and in accordance with the verdict of the jury was sentenced to serve a term of seven years in the state penitentiary at Mc-

Alester. The judgment and sentence was entered May 23, 1912.

From the judgment an appeal was perfected by filing in this court, November 23, 1912, a petition in error with case-made. The Attorney General has filed a motion to dismiss said appeal, which, omitting the formal parts, reads as follows:

"Comes now the state of Oklahoma by Chas. West, Attorney General, and moves the court to dismiss the appeal herein, and for grounds therefor says: That the appellant, Roy Peel, is now and has been for some time a fugitive from justice from the state of Oklahoma; that the sheriff of Oklahoma county has made diligent search for the said Roy Peel in an endeavor to arrest him pursuant to certain writs issued out of the courts of Oklahoma county; that the bondsmen of the said Roy Peel have offered a reward for his arrest and apprehension, but that the said Roy Peel is now a fugitive from justice and beyond the jurisdiction of this court, as the Attorney General is informed and verily believes—the facts herein stated being shown by the affidavit of M. C. Binion, sheriff of Oklahoma county, attached hereto and made a part hereof."

The said affidavit reads as follows:

"That he is now the duly qualified and acting sheriff within and for said Oklahoma county, in the state of Oklahoma, and has been since the 6th day of January, 1913; that on the 3d day of March, 1913, he was commanded by the clerk of the county court within and for said county and state to apprehend and place in jail one Roy Peel, who had been heretofore convicted in said county court of the crime of violating the prohibitory law, and who had thereafterwards been paroled by the Governor on condition that he pay twenty dollars per month on his fine and costs, and said parole having been revoked by the said Governor said order was made by the county court, as aforesaid. Deponent further says that he and his deputies have made diligent search for the said Roy Peel, and are unable to arrest him or find out where he is now staying, and that his bondsmen have offered a reward for his arrest and apprehension."

The question presented by the motion to dismiss is the same as the one decided in *Belcher v. State, ante,* 130 Pac. 515,

wherein it is held that, where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless the defendant is where he can be made to respond to any judgment or order which may be rendered in the cause; and where the defendant makes his escape from the custody of the law, and is at large as a fugitive from justice, this court will, on motion, dismiss his appeal.

It is our opinion that plaintiff in error has waived the right to have his appeal in this case considered and determined, the motion to dismiss is sustained, the appeal is dismissed, and the cause remanded to the district court of Oklahoma county, with direction to carry into execution its judgment and sentence.

ARMSTRONG, P. J., and FURMAN, J., concur.