## WILL WILLIAMS v. STATE.

No. A-1661.   Opinion Filed September 9, 1913.

Appeal from District Court, Choctaw County;
A. H. Ferguson, Judge.

Will Williams was convicted of stealing a cow, and appeals. Appeal dismissed.

Richardson & Warren, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Will Williams, was prosecuted in the district court of Choctaw county upon an indictment found by the grand jury of that county, which charged that he did steal a certain red cow, the property of C. C. Cole, on the fourth day of November, 1911. In accordance with the verdict of the jury he was sentenced to be imprisoned in the state penitentiary for a period of two years. From the judgment an appeal was perfected by filing in this court March 27th, 1912, a petition in error with case-made. The Attorney General has filed a motion to dismiss the appeal for the reason that said plaintiff in error is out of the jurisdiction of this court, and is not within the state of Oklahoma, but is in the state of Louisiana, and is a fugitive from justice. Which motion is supported by the affidavits of R. M. Connell, sheriff of Caddo county, to the effect that affiant and his deputies have for the past three or four months been endeavoring to arrest said defendant, but have been unable to locate him. And the affidavit of L. W. Ratliff, to the effect that the bondsmen of said Williams have offered a reward of one hundred dollars for his arrest, and the affidavit of W. C. Cotton that he saw the defendant Williams in Caddo parish, state of Louisiana, on the 7th day of September, and that as one of his bondsmen he has offered the sum of one hundred dollars for the capture and return of said Williams to the state of Oklahoma. The question presented by the motion to dismiss is the same as the one decided in Peel v. State, 9 Okla. Cr. 234, 131 Pac. 548, wherein it is held that, where a defendant has been convicted and sentenced and has perfected an appeal, this court will not consider his appeal unless the defendant is where he can be made to respond to any judgment or order which may be rendered in the cause, and where the defendant makes his escape from the custody of the law and is at large as a fugitive from justice, this court will on motion dismiss his appeal. It is our opinion that plaintiff in error has waived the right to have his appeal in this court considered and determined. The motion to dismiss the appeal is sustained. The appeal is dismissed and the cause remanded to the district court of Choctaw county with direction to carry into execution its judgment and sentence.