## ED ALEXANDER v. KINGFISHER.

No. A-2502.  Opinion Filed December 14, 1915.

(153 Pac. 209.)

APPEAL—Dismissal. An appeal will not be considered by this court when the plaintiff in error is a fugitive from justice and cannot be made to respond to any judgment or order which may be made in the case, and on proper motion and proof, the appeal will be dismissed.

*Appeal from County Court, Kingfisher County;*
*R. F. Shutler, Judge.*

Ed Alexander was convicted in the County Court on appeal from a judgment of the police court of the city of Kingfisher. Appeal dismissed.

*Bradley & Bradley,* for plaintiff in error.

*John T. Bradley, Jr.,* City Atty., for defendant in error.

PER CURIAM. Ed Alexander, plaintiff in error, was convicted in the County Court of Kingfisher county, upon his appeal from a conviction in the police court, upon a complaint charging the sale of a quart of whisky, contrary to the provisions of section 1, of Ordinance No. 182 of said city. In pursuance of the verdict of the jury, the judgment of the County Court was rendered on the 12th day of May, 1915, and he was sentenced to pay a fine of fifty dollars and to be confined in the city jail of the city of Kingfisher for thirty days. From the judgment an appeal was taken by filing in this court on July 15, 1915, a petition in error with case-made.

No briefs have been filed and the city attorney has filed a motion to dismiss the said appeal. Which motion omitting formal parts and exhibits thereto attached is as follows:
"MOTION TO DISMISS APPEAL.

Comes now the above named defendant in error, City of Kingfisher, and moves the Court to dismiss the appeal in the above entitled action for the reason that the plaintiff in error, Ed Alexander, is now and has been since the 22nd day of November, 1915, a fugitive from justice from the State of Oklahoma, whose whereabouts is now unknown. That on November 22nd, 1915, said Ed. Alexander was the defendant in three other criminal actions pending in the County Court and District Court and also was the defendant in an action pending in the Police Court of said city. That on November 22nd, 1915, the bondsmen of said Alexander in three of the actions against him surrendered the said Ed. Alexander in open Court and were discharged from liability on his appearance bonds in said three criminal cases. That on said 22nd day of November, 1915, after said bondsmen had surrendered said Alexander and after they had been released from liability on his said appearance bonds and after a commitment had been duly issued to the Sheriff of said County of Kingfisher, commanding said sheriff to confine said Alexander in jail in default of bond, he, said Ed Alexander, escaped from said Sheriff. That since said November 22nd, 1915, said sheriff and his deputies have made diligent search for said Ed Alexander but have been unable to find said Alexander in the State of Okla-

homa and have been and are now unable to ascertain the whereabouts of said Ed. Alexander. That on November 19th, 1915, a warrant was issued by the Police Court of the City of Kingfisher on a complaint charging said Ed. Alexander with the unlawful possession of intoxicating liquors. That said warrant was duly delivered to the Chief of Police of said City. That said Chief of Police has been unable to arrest said Alexander as commanded in said warrant for the reason that he, said Chief of Police, after diligent search has been and is now unable to find said Alexander or ascertain his whereabouts.

That the facts stated in this motion are shown to be true by the affidavits of W. B. Blair, County Attorney, W. M. Rutherford, Under Sheriff, and L. E. Werner, Chief of Police and the certified copies of the Commitment and warrant hereinbefore mentioned, all of which are hereto attached and made a part hereof.

John T. Bradley, Jr.,<br>City Attorney."

By numerous decisions of this court it has been held that an appeal will not be considered by this court, when the plaintiff in error is a fugitive from justice and cannot be made to respond to any judgment or order which may be rendered in the case; and, on proper motion and proof the appeal which such conditions are disclosed, will be dismissed.

*Tyler* v. *State,* 3 Okla. Cr. 179, 104 Pac. 919, 26 L. R. A. (N. S.) 921;

*Jacobs* v. *State,* 3 Okla. Cr. 648, 108 Pac. 429, 139 Am. St. Rep. 985;

*Tydings* 1. *State,* 4 Okla. Cr. 659, 112 Pac. 759;

*Tanner* v. *State,* 5 Okla. Cr. 298, 114 Pac. 360;

*Morey* v. *State,* 6 Okla. Cr. 166, 117 Pac. 724;

*McGraw* v. *State,* 7 Okla. Cr. 105, 122 Pac. 242.

From the failure to file briefs, it is evident that the appeal in this case has been abandoned.

Following the rule laid down in the cases cited, the motion to dismiss the appeal is sustained, and the cause remanded to the County Court of Kingfisher county.