## A. C. BOSWELL v. STATE.

No. A-3250.    Opinion Filed March 4, 1918.

(170 Pac. 1175.)

APPEAL AND ERROR—Dismissal—Grounds. Where it appears that defendant is a fugitive from justice or has left the jurisdiction of the state and cannot be made to answer any judgment upon the merits of his appeal which may be rendered by the Criminal Court of Appeals, the appeal will be summarily dismissed.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

A. C. Boswell was convicted of a violation of the prohibition law, and he appeals. Appeal dismissed.

*Charles H. Ruth,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The Attorney General has filed the following motion to dismiss the appeal against plaintiff in error, A. C. Boswell, in the above-entitled case:

"Comes S. P. Freeling, Attorney General for the State of Oklahoma, by R. McMillan, Assistant Attorney General, and moves the court to dismiss the appeal in the above mentioned and styled cause, and as his reason for said dismissal he alleges he is informed, believes, and so charges that the said appellant, A. C. Boswell, is no longer a resident of this jurisdiction, and is not now amenable to any order or judgment of this court; and as an evidence of said fact he here files the affidavit of John Howard, as Exhibit A hereto, and the affidavit of C. H. Bessent, as Exhibit B hereto, and he makes both said Exhibits A and B a part of this motion as though both were fully herein copied and set forth. Wherefore he prays that notice be given to the attorneys of the said appellant, A. C. Boswell, and that the said cause be dismissed."

The affidavits in support of said motion are as follows:

"STATE OF OKLAHOMA, OKLAHOMA COUNTY—ss.:

"John Howard, of lawful age, being duly sworn, on his oath states that he has been and is now in the employ of C. H. Bessent, president of the Security State Bank of Norman, Okla., and has been for nearly a month last past in trying to locate A. C. Boswell, and that he has been unable to locate him in and around Oklahoma City, where he, the said Boswell, has lived for several years last past; that he has talked with quite a number of parties who are well acquainted with the said Boswell, and has been informed by one of said parties who has acted as the attorney of said Boswell in certain litigation and was informed by said attorney that the said Boswell has left the country. Another party informed this affiant that the said Boswell had left the State of Oklahoma, and still another party informed this affiant that he overheard parties talking

who stated that the said Boswell, with two of his brothers, had gone from the United States into Mexico, and that the parties who went with him to Mexico in an automobile returned to the United States without him. This affiant further states that he has been informed that the sheriff of Canadian county, Okla., has in his hands a warrant for the arrest of the said Boswell for disposing of mortgaged property, and that said sheriff has been unable to locate him.

"Further affiant sayeth not.

"[Signed]    JOHN HOWARD.

"Subscribed and sworn to before me this 9th day of January, 1918.

"E. W. ROWE, *Notary Public.*

"My commission expires March 22, 1920."

The affidavit of C. H. Bessent was to the same effect as that of John Howard.

A hearing was had upon said motion before the court on the 16th day of February, 1918, at which time no appearance was made for the defendant, and the evidence of John Howard and C. H. Bessent was heard in support of said motion. The effect of their testimony was that at the time said motion was heard the said A. C. Boswell was then and there a fugitive from justice from the State of Oklahoma, and his whereabouts were unknown, and said Boswell could not be found, although diligent search had been made for him within this state.

Under the repeated decisions of this court, when it is shown that the defendant is a fugitive from justice, or has left the jurisdiction of the State of Oklahoma, and cannot be made to answer any judgment upon the merits of his appeal which may be rendered by this court, the appeal will be summarily dismissed. *Vann v. State,* 10

Okla. Cr. 644, 133 Pac. 1197; *Billingsley v. State,* 9 Okla. Cr. 734, 132 Pac. 1192; *Peel v. State,* 9 Okla. Cr. 234, 131 Pac. 548; *Simerson v. State,* 9 Okla. Cr. 119, 130 Pac. 1112; *Tanner v. State,* 5 Okla. Cr. 298, 114 Pac. 360; and many others.

It is apparent from the evidence introduced upon the hearing of this motion that plaintiff in error is a fugitive from justice from the State of Oklahoma, and cannot be made to respond to any affirmative judgment which this court may render in this case.

The appeal of plaintiff in error therefore is dismissed.