## C. C. BLASDEL v. STATE.

No. A-3791—Opinion Filed Nov. 6, 1920.

(192 Pac. 1106.)

(Syllabus.)

**APPEAL AND ERROR—Dismissal—Appellant Becoming Fugitive From Justice.** Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his

appeal, unless the defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and where a defendant becomes a fugitive from justice pending the determination of his appeal, this court will on proper motion dismiss the appeal.

*Appeal from District Court, Garfield County;*

*J. C. Robberts, Judge.*

C. C. Blasdel was convicted of grand larceny, and he appeals. Appeal dismissed.

*H. G. Sturgis,* for plaintiff in error.

*S. P. Freeling,* Atty Gen., and *Ernest F. Smith,* Co. Atty., for the State.

DOYLE, P. J. Plaintiff in error, C. C. Blasdel, was charged jointly with Quincy Kygar, V. W. Garrett, and J. V. Hollingshead with the theft of one Cadillac automobile, owned by one Eugene McConkey. A severance was granted and upon his trial plaintiff in error was convicted and sentenced to 12 years' imprisonment in the penitentiary. From the judgment rendered December 3, 1919, an appeal was perfected by filing in this court on March 25, 1920, a petition in error with case-made.

On October 26, 1920, counsel for the state filed a motion to dismiss the appeal, for the reason that plaintiff in error is a fugitive from justice, that he has left and is now absent from the state without leave of court, and has thus violated the conditions of his appeal bond. In support of said motion is the affidavit of C. E. Dewing, sheriff of Garfield county, in part as follows:

"That on or about the 10th day of September, 1920, a warrant was issued out of the court of J. V. Ratliffe, jus-

tice of the peace, upon an information or complaint charging the said plaintiff in error with the crime of larceny of an automobile; that from the 10th day of September, 1920, down to the present time, he has made diligent search to find the said C. C. Blasdel, and accomplish his arrest on said warrant; that for the past several months said C. C. Blasdel has been living in Osage, Osage county, and that the said C. E. Dewing, since receiving the above warrant, has communicated with the sheriff of Osage county, and was informed by the sheriff of Osage county that the said C. C. Blasdel was not in the vicinity; that on or about the 28th day of September, 1920, affiant was informed that the said C. C. Blasdel was on his way to Wichita Falls, and the Burkburnett oil fields, and that the said C. C. Blasdel left going in that direction; that upon receiving the aforesaid information he sent a special deputy sheriff into Wichita Falls and Burkburnett oil fields to make a special endeavor to locate Blasdel in that vicinity, but was unable to find said C. C. Blasdel there.

"Affiant further states that according to his best information and belief the said C. C. Blasdel is now in old Mexico, and bases said belief upon the statement that came to him from friends of the said C. C. Blasdel that the said C. C. Blasdel was in old Mexico; that the said Blasdel has pending several criminal cases against him on informations duly filed by the county attorney of Garfield county, charging him with larceny of automobiles; that on the 20th day of October, 1920, the district court of Garfield county, Oklahoma, sitting in regular session, called five separate and distinct cases, in which the state of Oklahoma was prosecuting the said Blasdel for larceny of automobiles, and that in each and every case the said defendant Blasdel failed to appear, and after due proceedings were had with reference to the forfeiture of the bonds in said cases the district court of Garfield county forfeited the bonds of the said C. C. Blasdel in each and every of the five aforesaid cases, and that the county attorney of Garfield county, is at this time suing to recover upon the bonds so forfeited in said cases.

"Said C. E. Dewing further states that he has used various and other efforts to get into communication with the said Blasdel, but has been unable to do so."

The uniform holding of this court is that, where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless the defendant is where he can b- made to respond to any judgment or order which may be rendered or entered in the case and where the defendant becomes a fugitive from justice, pending the determination of his appeal, the appeal will be summarily dismissed. *Boswell v. State,* 14 Okla. Cr. 336, 170 Pac. 1175; *Glover v. State,* 12 Okla. Cr. 287, 155 Pac. 199. We are of the opinion that plaintiff in error has waived the right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

ARMSTRONG and MATSON, JJ., concur.