## A. B. CHRISTMAN v. STATE.

No. A-4121.   Opinion Filed Oct. 25, 1922.
(209 Pac. 969.)

(Syllabus.)

Appeal and Error—Appeal of Fugitive from Justice—Dismissal. Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case. And where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, the appeal will be dismissed.

Appeal from District Court, Tulsa County; Redmond S. Cole, Judge.

A. B. Christman (alias John Bradshaw) was convicted of robbery jointly committed, and he appeals. Appeal dismissed.

J. M. Springer, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, A. B. Christman, alias John Bradshaw, was convicted in the district court of Tulsa county on an information jointly charging plaintiff in error and others with the crime of robbery, alleged to have been committed on the 28th day of December, 1920, by robbing the Guaranty State Bank of Sperry, Okla., in the sum of $1,426. The jury by their verdict fixed his punishment at 20 years in the penitentiary. From the judgment rendered on the verdict, an appeal was perfected by filing in this court on November 9, 1921, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal, which, omitting formal parts, is as follows:

"That said A. B. Christman has, since the perfecting of said appeal in this honorable court, departed from the state of Oklahoma without leave; that he went to the state of Texas, and the Attorney General is informed and believes and so states the fact to be, that, while in said state of Texas, said A. B. Christman was convicted in said state for stealing one or more automobiles, was tried on said charge and convicted, and is at this time either serving sentence in the penitentiary of the state of Texas, or is resting under said sentence and is confined at this time either in the penitentiary of the state of Texas, or is in one of the common jails of said state, by reason and because of which said supersedeas bond, and the conditions thereof have been breached and violated, and respectful request is made of this honorable court to dismiss said appeal."

The question presented by the motion to dismiss is the same as decided in Justus v. State, 13 Okla. Cr. 55, 161 Pac. 1177; Williams v. State, 11 Okla. Cr. 35, 141 Pac. 453; Gorrell v. State, 10 Okla. Cr. 697, 143 Pac. 341; Peel v. State, 9 Okla. Cr. 234, 131 Pac. 548; Belcher v. State, 9 Okla. Cr. 50, 130 Pac. 515.

In these cases it was held that, where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider the appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case, and, where the defendant makes his escape from the custody of the law and becomes a fugitive from justice, his appeal will be dismissed.

MATSON and BESSEY, JJ., concur.