## W. T. MEYERS v. STATE.

No. A-6685.  Opinion Filed Aug. 18, 1927.
(258 Pac. 922.)

Bond & Bond, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The appellant, W. T. Meyers, was convicted on an information charging that in Stephens county, March 17, 1927, he did have in his possession 16 gallons of whisky with the unlawful intent to sell the same, and in accordance with the verdict of the jury he was sentenced to pay a fine of $500 and imprisonment in the county jail for six months. The judgment was rendered May 9, 1927; the appeal by petition in error and case-made was filed in this court June 2, 1927.

The Attorney General on July 19th filed a motion to dismiss the appeal on the ground that since the appeal was taken appellant committed another crime for which a warrant of arrest was issued; that diligent search has been made to find him and arrest him on such warrant by the sheriff of Stephens county; that said sheriff has been unable to find appellant; that he is informed and believes

that he has fled to the state of Texas as shown by the affidavit of E. R. Young, attached, and by copy of warrant of arrest, attached.

No response has been made to the motion to dismiss the appeal.

Under repeated decisions of this court, it is held that where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider the appeal, unless the defendant is where he can be made to respond to any judgment or order which may be rendered in the case; and where a defendant makes his escape from the custody of the law and becomes a fugitive from justice pending the determination of his appeal, the same will be dismissed. Boswell v. State, 14 Okla. Cr. 336, 170 P. 1175; Christman v. State, 22 Okla. Cr. 67, 209 P. 969; Daley v. State, 23 Okla. Cr. 355, 214 P. 941.

Appellant having failed to controvert the motion to dismiss the appeal, and it being apparent that he has left the jurisdiction of the state of Oklahoma and cannot be made to respond to any affirmative judgment or order which may be rendered in the case, the appeal herein is dismissed.

EDWARDS and DAVENPORT, JJ., concur.