## WALKER FOREMAN v. STATE.

No. A-6176.   Opinion Filed Sept. 23, 1927.
(259 Pac. 605.)

Clark Nichols, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. Walker Foreman was convicted on an information charging the "possession of 100 gallons of a compound mixture, mash, wort and wash known as whisky beer, fit for distillation and for the manufacture of whisky," and in accordance with the verdict of the jury was on February 13, 1926, sentenced to pay a fine of $100 and confinement in the county jail for 30 days. From the judgment an appeal was taken by filing in this court on April 12, 1926, petition in error with case-made.

The Attorney General has filed a motion to dismiss for the reason that the said Walker Foreman, plaintiff in error, left the jurisdiction of the court and is now outside of the state of Oklahoma in the state of Missouri as appears from the affidavits of Milam M. King, county attorney, and Ed Allen, deputy sheriff of McIntosh county.

The affidavits attached show that said plaintiff in error has been for the past year outside the state of Oklahoma and is now in Kansas City, Mo.; that at the time of the final submission of this cause on briefs May 30, 1927, said plaintiff in error was absent from the state.

Under repeated decisions of this court it is held that where a defendant, who has been convicted and sentenced, perfects an appeal, this court will not consider the appeal unless the defendant is where he can be made to respond to any order or judgment which may be rendered in the case, and where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, pending the determination of his appeal, the same will be dismissed. Boswell v. State, 14 Okla. Cr. 336, 170 P. 1175; Christman v. State, 22 Okla. Cr. 67, 209 P. 969.

Plaintiff in error having failed to controvert the motion

to dismiss the appeal and it being conceded that he has left the jurisdiction of the state of Oklahoma and cannot be made to respond to any affirmative judgment or order which may be rendered in the case, the appeal herein is dismissed. Mandate forthwith.

EDWARDS and DAVENPORT, JJ., concur.