## H. J. TYE v. STATE.

No. A-9218. March 26, 1937.
(66 Pac. [2d] 957.)

John W. Whipple, for plaintiff.

The Attorney General and the County Attorney, for defendant.

PER CURIAM. On the 8th day of March, 1937, the Attorney General filed a motion to strike the appeal from the docket, and in the grounds for said motion he states:

"The case-made was served on the county attorney of Payne county, on July 27, 1936, purporting to settle the same as a true and correct case-made, but no notice of

said signing or settling was ever served on the State of Oklahoma or the county attorney of Payne county, as required by the aforesaid orders of the court and statutes, nor was there ever any waiver of such notice or stipulation as to the correctness of said case-made; that said case-made was not certified or stipulated to be correct by the attorneys for the state of Oklahoma, or for the said defendant, and that said order of settlement shows that only the attorney for the defendant appeared."

The record further shows that when the motion to strike was served upon the plaintiff in error and his attorney, they filed a response to the motion to strike, and attached to said response a stipulation of the county attorney of Payne county and the attorney for the defendant, omitting the caption and signature as follows:

"It is hereby stipulated by and between Leon J. York, county attorney of Payne county, Oklahoma, and John W. Whipple, attorney for the defendant above named, that the facts set forth in the court clerk's certificate attached hereto are true and correct; that the case-made was served on the county attorney's office and the suggested amendments to same and notice of time and place of settlement were waived by both parties; also that the attorney for the state and for the defendant were present at the time the certificate was signed by Judge Hoel at which time we had a conversation about the case. It appears that some of the signatures attached to one of the copies were intended for the original. Dated this 12th day of March, 1937."

The statement contained in the foregoing stipulation was sworn to on the 12th day of March, 1937, before Bill Newell, court clerk, Payne county, Okla.

Henry W. Hoel, district judge, who presided at the trial of the plaintiff in error, makes the following statement:

"Both Mr. York and Mr. Whipple was present in my office at the time the case-made was signed by myself. We had some discussion about the case at the time. Dated this 12th day of March, 1937. Henry W. Hoel, District Judge. Bill Newell, Court Clerk."

There is also attached to the response the certificate of Bill Newell, court clerk, Payne county, Okla., which certificate, omitting the caption and signature, is as follows:

"This is to certify that there was filed in this office on October 26, 1936, by John W. Whipple, attorney for the above-named defendant, a case-made in the above entitled cause showing that the same was served on L. J. York, county attorney, by serving D. P. Henry, assistant county attorney, on July 27, 1936; that L. J. York attorney for plaintiff and John W. Whipple attorney for defendant waived the suggestions for amendments and notice of time and place of settlement of same on October 26, 1936; that L. J. York was present also at the time the certificate to same was signed by the district judge, Henry W. Hoel, on the 25th day of October, 1936. Dated this 12th day of March, 1937."

On the question of the method of appealing to the Criminal Court of Appeals the following sections prescribe the procedure necessary to perfect an appeal.

Section 3197, Okla. Stats. 1931 (22 Okla. St. Ann. § 1059), provides:

"In all criminal cases appealable to the criminal court of appeals, the appellant may prepare, and it shall be the duty of the court to provide for the preparation and settling of a case-made in all respects as in civil cases, and the case-made so settled, served and filed in the trial court may be sent to the appellate court in lieu of all other records or bills of exception; or the proceeding in the appellate court may be as provided in the next section."

Section 3198, Okla. Stats. 1931 (22 Okla. St. Ann. § 1060), provides:

"Instead of the appeal hereinbefore provided for any party desiring to appeal to the criminal court of appeals in any criminal case may proceed by case-made and petition in error in all respects and with all the rights, as provided in 'Procedure, Civil,' and the summons in error shall be served upon the attorney general, unless the same is waived as in other cases. Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

Section 534, Okla. Stats. 1931 (12 Okla. St. Ann. § 958), provides in part:

"The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached."

This court has many times held that notice of time and place of settling case-made is indispensable. Grayson v. Perryman, 25 Okla. 339, 106 Pac. 954.

Section 535, Okla. Stats. 1931 (12 Okla. St. Ann. § 959), in part provides for the manner of correcting a case-made after it has been filed, and specially provides that no appeal shall be dismissed by reason of such error or omission until an opportunity is given to supply such corrections.

In Simerson v. State, 9 Okla. Cr. 119, 130 Pac. 1112, this court said:

"If, as a matter of fact, proper notices of appeal had been served in this case, appellant could have established that fact by affidavits or by a stipulation agreed to and signed by the county attorney of Craig county."

The response to the motion to strike clearly shows that the county attorney of Payne county and the attorney

for plaintiff in error were present at the time the case-made was settled and signed by the judge, and that notice of suggested amendments to the case-made, and notice of time and place of settlement were waived by both parties, and that both the county attorney and the attorney for plaintiff in error were present when the presiding judge, Henry W. Hoel, signed the case-made and same shows to be regularly filed in the office of the court clerk.

The facts shown in the response of the plaintiff in error, to the motion to strike, clearly shows that the sections of the statute with reference to making, serving, and settling a case-made were complied with. We hold that the motion of the state to strike should be overruled, and it is so ordered.