## PERCY BELCHER v. STATE.

No. A-1834.     Opinion Filed March 15, 1913.

(130 Pac. 515.)

1.  **APPEAL—Escape of Appellant—Dismissal.** Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case. And where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, the appeal will be dismissed.

2.  **CONSTITUTIONAL LAW—Due Process of Law—Dismissal of Appeal.** The dismissal of an appeal, taken from a judgment of conviction because the defendant is a fugitive from justice, is not a denial of due process of law, and, where the fugitive is brought again within the custody of the court, a refusal of the court to set aside its order of dismissal and reopen the case does not constitute a denial of due process of law within the meaning of the United States Constitution or the Constitution of the state of Oklahoma.

(Syllabus by the Court.)

*Appeal from District Court, Jackson County;*
*Frank Mathews, Judge.*

Percy Belcher was convicted of crime and appeals. Dismissed.

*S. B. Garrett* and *S. J. Castleman,* for plaintiff in error.
*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *M. L. Hankins,* County Atty. (*W. C. Austin,* of counsel), for the State.

DOYLE, J. The plaintiff in error was convicted in the district court of Jackson county of the crime of rape in the first degree, alleged to have been committed on one Julia S. Johnson, and was sentenced to be imprisoned in the state reformatory at Granite for a term of five years. The judgment and sentence was entered on April 25, 1912. To reverse the judgment an appeal was perfected by filing in this court September 17, 1912, a petition in error with case-made.

A motion to dismiss the appeal has been filed, which, omitting the formal parts, reads as follows:

"Comes now Charles West, Attorney General of the state of Oklahoma, M. L. Hankins, county attorney of Jackson county, Okla., and W. C. Austin of counsel for the state of Oklahoma, and informs and gives the court to understand that the plaintiff in error, Percy Belcher, soon after his conviction and sentence in the district court of Jackson county, from which this appeal originated, made and executed a bond for appeal in this cause conditioned, among other things, that he would not leave the state without leave of court; that after the execution of said bond and pending the perfection of the record for the appeal, without leave of court and without the knowledge or consent of the officers of the state of Oklahoma, voluntarily left the state of Oklahoma and established a residence in the county of Hardeman, state of Texas, and while there, he, the said Percy Belcher, murdered his father, W. R. Belcher, on, to wit, about the 31st day of May, 1912, and thereafter, for the purpose of escaping from and of avoiding arrest by the authorities of the state of Texas, came into the state of Oklahoma and took up a temporary residence in the state of Oklahoma at Oklahoma City, appearing under assumed names of Pendergraft and W. M. Clark, and while in Oklahoma City, Frank Walker, the duly elected, qualified, and acting sheriff of Hardeman county, Tex., acting under a warrant issued by the proper court in the state of Texas in an action wherein the state of Texas prosecuted the said Percy Belcher for murder as aforesaid, effected the arrest of Percy Belcher, that thereafter the said Percy Belcher waiving requisition returned with the said Frank Walker as such sheriff to the state of Texas, to answer the charge of murder as aforesaid; that ever since said time and at the present time the said Percy Belcher was and is lodged in the county jail at Quanah, Tex. And your informants further say that by reason of these matters the said Percy Belcher is a fugitive from justice; that he has voluntarily placed himself beyond the reach of the writs of this court or the inferior court, and has therefore forfeited his right to have this appeal considered and the same ought to be dismissed. And in support of these allegations the state attaches hereto the affidavits of M. L. Hankins, county attorney of Jackson county, Okla., Frank Walker, sheriff of Hardeman county, Tex., and a certified copy of the indictment returned

against said Percy Belcher in Hardeman county, Tex., on the
25th day of October, 1912, charging said crime of murder, also
a certified copy of the appeal bond in this case and makes each
of said affidavits a part of this motion by reference, and also
said copies of indictment and appeal bond. Wherefore, the state
of Oklahoma, through its Attorney General and the other at-
torneys herein mentioned, prays that an order be made dismiss-
ing this appeal and directing that the original judgment of
conviction and sentence of· imprisonment be executed."

In reply to this, three affidavits were filed, including that
of the plaintiff in error, wherein he states, at the time of his
conviction he was a minor 18 years of age; that when his
appeal bond was approved he went to Texas with his parents;
that when he was arrested June 9, 1912, in Oklahoma City,
on the charge of murder, for which he is now held in the state
of Texas, he agreed to waive extradition and go back to Texas,
if the Texas sheriff would go over the Frisco Railroad from
Oklahoma City through Altus, Jackson county, and there permit
his sureties to surrender him to the sheriff of Jackson county;
that, after making said agreement, said sheriff, without his con-
sent, and without an extradition warrant, took him by Ft.
Worth, and on to Quanah, Tex., and did not bring him into
and through said Jackson county as he had agreed to do; that
he is not now at this time out of the state of Oklahoma with
his own consent; and that his present detention outside of the
state of Oklahoma is without his consent, and is not voluntary
upon his part. In his affidavit he does not deny that he was
living at Oklahoma City under an assumed name, nor that he
was a fugitive from justice from the state of Texas at the time
of his arrest in Oklahoma City. It is now more than nine
months since plaintiff in error was taken to Texas, and he has
not yet returned to Oklahoma.

On the undisputed facts we think this case comes within
the following rule declared by this court in numerous decisions.

The Criminal Court of Appeals will not consider an appeal
unless the defendant is where he can be made to respond to
any judgment or order which may be rendered in the case, and,

where the defendant makes his escape from the custody of the law and is at large as a fugitive from justice, this court will on motion dismiss the appeal. *Tyler v. State,* 3 Okla. Cr. 179, 104 Pac. 919, 26 L. R. A. (N. S.) 921; *Tanner v. State,* 5 Okla. Cr. 298, 114 Pac. 360; *McGraw v. State,* 7 Okla. Cr. 105, 122 Pac. 242. Under the provisions of Procedure Criminal (section 6945, Comp. Laws 1909, Rev. Laws, 5988), an appeal may be taken by the defendant, as a matter of right, from any judgment against him; and there is no express provision authorizing the dismissal of an appeal on the grounds stated; yet we think that it is no part of our duty as an appellant court to consider or review the judgments, orders, and rulings of which a plaintiff in error complains, while he is at large as a fugitive from justice.

In *People v. Genet,* 59 N. Y. 80, 17 Am. Rep. 315, it was said:

"The provisions of the statutes, giving to defendants in criminal cases the right to make a bill of exceptions, are not so absolute as to displace all the other principles which belong to criminal proceedings, but must be taken in subordination to them. We think they do not require the court to encourage escapes and facilitate the evasion of the justice of the state, by extending to escaped convicts the means of reviewing their convictions."

*State v. Scott,* 70 Kan. 692, 79 Pac. 126, 3 Ann. Cas. 511. Also, *State v. Keebler,* 145 N. C. 560, 59 S. E. 872, 13 Ann. Cas. 496.

In the case of *Allen v. Georgia,* 166 U. S. 138, 17 Sup. Ct. 525, 41 L. Ed. 949, the defendant had been convicted and sentenced to death in a superior court, and had sued out a writ of error from the Supreme Court of the state of Georgia, which was assigned for hearing. The case having been called, it was made to appear to the court by affidavits that the defendant after his conviction and sentence, had escaped and was a fugitive from justice. From this showing the Supreme Court of Georgia ordered that the writ of error be dismissed. Afterwards the defendant, having been recaptured, was resentenced

to death by the superior court, and thereupon made application to one of the Justices of the Supreme Court of the United States for writ of error, which was duly granted, assigning as error that the dismissing of his writ of error by the Supreme Court of the state of Georgia was a denial of due process of law. The Supreme Court of the United States held that the dismissal by a state court of a writ of error taken by the accused from a conviction, because he has escaped and is a fugitive from justice, is not a denial of due process of law, and, where the fugitive is brought again within the custody of the court, a refusal of the court to set aside its order of dismissal and reopen the case does not constitute a denial of due process of law, within the meaning of the federal Constitution.

In this case it appears that about a month after the judgment of conviction was rendered, and more than three months before his appeal was perfected in this court, he became a fugitive from justice from the state of Texas.

It is our opinion that plaintiff in error has waived the right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

ARMSTRONG, P. J., and FURMAN, J., concur.