## E. F. GLOVER et al. v. STATE.

No. A-2536.   Opinion Filed March 4, 1916.

(155 Pac. 199.)

APPEAL—Dismissal—Fugitive. Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and where a defendant becomes a· fugitive from justice pending the determination of his appeal, this court will on proper motion dismiss the appeal.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

E. F. Glover, convicted of a violation of the prohibition law, appeals.   Appeal dismissed.

*W. J. Crump, M. G. Bailey* and *Don M. Crump,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., *Fred P. Branson,* Co. Atty. and *Glen Alcorn, Asst.* Co. Atty., for the State.

DOYLE, P. J.   Plaintiff in error, E. F. Glover, was convicted in the Superior Court of Muskogee county of a violation of the prohibition law.   From the judgment rendered on the verdict he appealed by filing in this court on September 14, 1913, a petition in error with case-made.   On January 28, 1915, counsel for the state filed a motion to dismiss the appeal, in part 'as follows:

"That on or about the 20th day of April, 1915, the said plaintiff in error, E. F. Glover, was tried in the Superior Court in and for Muskogee County, Oklahoma, upon the charge of having the unlawful possession of intoxicating liquors, and was there convicted of said crime; that on the 24th day of April, 1915, the said E. F. Glover was, by the judgment of said Superior Court, sentenced to 30 days in jail and to pay a fine of $100.00. That said plaintiff in error, E. F. Glover, thereupon served notice

of appeal and has filed in this Court his appeal from said judgment and sentence of said Superior Court. That on or about the 24th day of April, 1915, the said E. F. Glover, plaintiff in error herein, filed in the Superior Court of Muskogee County and in said cause, his supersedeas and appeal bond from said judgment and sentence and was released upon said bond pending his appeal to this Court.

That on or about the 16th day of December, 1915, an indictment against B. S. Glover, alias E. F. Glover, for keeping and maintaining a place for the purpose of violating the liquor laws of the State of Oklahoma, was returned and filed in the District Court by the legally sworn and impaneled grand jury of the District Court in and for Muskogee County, Oklahoma; that thereupon a bench warrant was issued for the said B. S. Glover, alias E. F. Glover, and placed in the hands of the Sheriff of Muskogee County for service; that the said Sheriff and his deputies have made diligent search for the said B. S. Glover, alias E. F. Glover, and have been unable to find him within Muskogee County, Oklahoma, nor have they been able to learn his whereabouts since the return of the said indictment; that the said E. F. Glover plaintiff in error herein, and the said B. S. Glover, alias E. F. Glover, the defendant named in said indictment, is one and the same person; that the said E. F. Glover has removed from Muskogee County to some place unknown to the Sheriff of Muskogee County or any of his deputies, and that they have not been able to locate him or learn his whereabouts after diligent search; that in support of this motion there is attached hereto the affidavits of J. D. Robbins and B. G. Hughes, deputies Sheriff of Muskogee County, 'Oklahoma."

In the response filed the material averments of the motion are not denied: It is claimed that plaintiff in error is only temporarily absent from the state and that he intends to, and will return if his conviction is affirmed.

On the facts as averred in the motion and in the affidavits attached thereto, we think the motion to dismiss the appeal should be sustained as coming within the rule declared by this court in numerous decisions. That this court will not consider an appeal unless the plaintiff in error is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and when the plaintiff in error becomes a fugitive from

justice pending the determination of his appeal, this court will on proper motion dismiss the appeal.

*Williams* v. *The State,* 11th Okla. Cr. 35, 141 Pac. 453.

We are of the opinion that plaintiff in error has waived the right to have his appeal in this case considered and determined. The appeal as to plaintiff in error, E. F. Glover, is therefore dismissed. Mandate forthwith.

FURMAN and ARMSTRONG, JJ., concur.