## ERNEST SMITH v. STATE.

No. A-2861.   Opinion Filed September 11, 1917.

(167 Pac. 234.)

**APPEAL AND ERROR—Escape from Custody—Dismissal.** Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case. And where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, the appeal will be dismissed.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

Ernest Smith was convicted of a violation of the prohibitory law, and appeals. Appeal disimissed, and cause remanded.

*D. S. Levy* and *Loyal J. Miller,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, Ernest Smith, was convicted in the county court of Oklahoma county upon an information charging that he did have in his possession intoxicating liquors with the intent to sell the same.   On the 29th day of June, 1916, he was sentenced to be confined in the county jail of Oklahoma county for a period of six months and to pay a fine of $500 and costs.   From which judgment and sentence an appeal was perfected by filing in this court on October 26, 1916, a petition in error with case-made.

A motion to dismiss the appeal has been filed by the Attorney General, which, omitting the formal parts, is as follows:

"Defendant in error would further show that subsequent to the conviction in cause No. 4204 in the county court of Oklahoma county, as hereinbefore stated, the plaintiff was again charged with the violation of the prohibitory laws of the State of Oklahoma, and was on the 1st day of August, 1917, tried before a jury in said county court on said charge, and a verdict of guilty again rendered against plaintiff in error, Smith, the punishment being left to the court, upon which said verdict the county court did, on the 15th day of August, 1917, sentence the said Ernest Smith to six months in jail and to pay a fine of $500; that thereafter, and in pursuance of said last judgment and sentence the plaintiff in error was committed to jail, and was from said jail taken to the county road to there work out the said judgment and sentence pursuant to law; that on August 25, 1917, while in the custody of Mike Casey, the duly constituted superintendent of the road gang and deputy sheriff of Oklahoma county, the said plaintiff in error, Ernest Smith, did in the night-time break away from the said road camp and did leave the same, and has departed the jurisdiction of this court, and since said time has been a fugitive from justice, the manner of his escape being set forth in full and shown in the affidavit of the said Mike Casey hereto attached; that by reason of the said plaintiff in error, Ernest Smith, now being a fugitive from justice, the defendant in error asks, under the well-established rule of this court, that his appeal herein pending on said first-named conviction be dismissed by reason of his being a fugitive from justice, and that a mandate issue from this court to the court clerk of Oklahoma county, Okla."

Attached to said motion are the affidavits of H. D. Grant, undersheriff of Oklahoma county, and Mike Casey, superintendent of Road Gang No. 1, Oklahoma county, to the effect that the said Ernest Smith, without permission or consent, broke away from the guards and left said

road gang on the 25th day of August, 1917, and that since said time he has been a fugitive from justice.

We are of the opinion that this case comes within the rule declared by this court in numerous decisions that this court will not consider an appeal, unless the plaintiff in error is where he can be made to respond to any judgment or order which may be rendered in the case, and where the plaintiff in error makes' his escape from the custody of the law and is at large as a fugitive from justice this court will, on motion, dismiss the appeal. *Belcher v. State,* 9 Okla. Cr. 50, 130 Pac. 515.

The motion to dismiss the appeal herein is therefore sustained, the appeal dismissed, and the cause remanded to the trial court.

ARMSTRONG and MATSON, JJ., concur.