## R. T. YOUNG v. STATE.

No. A-2939.    Opinion Filed May 24, 1919.

(180 Pac. 872.)

**APPEAL AND ERROR—Escape Pending Appeal—Dismissal.** Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case. And where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, pending the determination of his appeal, this court will, on proper motion, dismiss the appeal.

*Appeal from District Court, Creek County; Ernest B. Hughes, Judge.*

R. T. Young was convicted of murder, and he appeals. Appeal dismissed.

*R. B. Thompson* and *Asp, Snyder, Owen & Lybrand,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the state.

DOYLE, P. J.   Plaintiff in error, R. T. Young, together with Hannah Young, James Fisher, and J. E. Hartzog, were, by information filed in the district court of Okmulgee county, jointly charged with the murder of L. B. Williams, alleged to have been committed in said county on or about the 10th day of July, 1914. To this information the defendant, R. T. Young, Hannah Young, and J. E. Hartzog pleaded not guilty, and filed their application for a change of venue, which was granted, and the cause transferred to Creek county.

A severance was granted. At the September, 1916, term of the district court, the defendant, R. T. Young,

was tried, and on September 16, 1916, the jury rendered their verdict, finding him guilty of murder as charged in the information, and assessing his punishment at imprisonment for life at hard labor. A motion for new trial was duly filed and overruled, and judgment was rendered in pursuance of the verdict.

From the judgment an appeal was perfected by filing in this court on February 26, 1917, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal on the ground that plaintiff in error has become a fugitive from justice.

It appears that, after the final submission of the cause, plaintiff in error was, on the 23d day of April, 1918, granted a temporary parole by the Governor of the state for 90 days, for the purpose of having a surgical operation performed; that at that time plaintiff in error was suffering from a cancer on his neck. The warden of the penitentiary reports that he failed to return at the expiration of his parole. More than a year having elapsed since plaintiff in error was granted said parole, and his counsel having stated that his whereabouts are unknown, it is apparent that plaintiff in error has escaped and is a fugitive from justice.

Where a fugitive has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered in the case. And where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, the appeal will be dismissed. See *Belcher v. State,* 9 Okla. Cr. 50, 130 Pac. 515.

Upon the uncontroverted facts the plaintiff in error has waived his right to have his appeal in this case considered and determined. The appeal is therefore dismissed, and the cause remanded to the district court of Creek county.

ARMSTRONG and MATSON, JJ., concur.