## TOM McKELLOP v. STATE.

No. A-3627—Opinion Filed Jan. 15, 1921.

(194 Pac. 457.)

(Syllabus.)

. APPEAL AND ERROR—Dismissal—Defendant a Fugitive. Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case; and where a defendant makes his escape from the custody of the law and becomes a fugitive from justice pending the determination of his appeal, this court will, on proper motion, dismiss the appeal.

*Appeal from Superior Court, Okfuskee County;*
*John L. Norman, Judge.*

Tom McKellop was convicted of murder, and he appeals. Appeal dismissed.

*Ben F. Williams* and *Huddleston & Stephenson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Tom McKellop, and Homer Gray, were by information filed in the superior court of Okfuskee county jointly charged with the murder of one Robert Lyles, alleged to have been committed in said county on or about the 29th day of December, 1918. A severance was granted, and upon his separate trial the jury rendered their verdict finding the defendant Tom McKellop guilty of murder as charged in the information and assessing his punishment at imprisonment for life at hard labor. From the judgment rendered in accordance with the verdict on the 19th day of March, 1919,

an appeal was perfected by filing in this court on September 13, 1919, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal on the ground that plaintiff in error on November 5, 1920, escaped from the penitentiary and is now at large as a fugitive, which motion is supported by the affidavit of A. R. Garrett, deputy warden of the state penitentiary.

The uniform holding of this court is that where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered and entered in the case; and where the defendant makes his escape from the custody of the law and becomes a fugitive from justice pending the determination of his appeal, this court will on proper motion dismiss the appeal. *Young v. State,* 16 Okla. Cr. 116, 180 Pac. 872.

The motion to dismiss was filed December 9, 1920, and no response or answer thereto has been filed. Upon the uncontroverted facts the plaintiff in error has waived his right to have his appeal in this court considered and determined. The appeal is therefore dismissed, and the cause remanded to the superior court of Okfuskee county.

MATSON and BESSEY, JJ., concur.