## GEO. W. BRADLEY v. STATE.

No. A-3794.    Opinion Filed Sept. 26, 1921.
(200 Pac. 788.)

(Syllabus.)

1.   **Appeal and Error—Dismissed—Defendant Becoming a Fugitive from Justice.** Where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his

appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case. And where it appears that a defendant is a fugitive from justice, or has left the jurisdiction of the state, this court will on proper motion dismiss his appeal.

Appeal from District Court, Kiowa County; Thomas A. Edwards, Judge.

John Bradley was convicted of grand larceny, and he appeals. Appeal dismissed.

Geo. W. Martin, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, John Bradley, was convicted in the district court of Kiowa county of grand larceny, and at the regular December, 1919, term of the district court he was by the judgment of the court sentenced to imprisonment for a period of two years in the reformatory at Granite, under an information filed by the county attorney of said county charging him and one Frank Hendricks with the crime of grand larceny. From the judgment an appeal was perfected by filing in this court on June 7, 1920, a petition in error with case-made.

On May 19, 1921, the Attorney General filed the following motion to dismiss the appeal.

"Comes now the Attorney General by E. L. Fulton, Assistant Attorney General, and represents and shows to the court that the above named plaintiff in error, John Bradley, has left the jurisdiction of this court, and is now in the state of Texas, and in support of this allegation there is attached hereto the affidavit of C. G. Bass, assistant county attorney of Kiowa county, state of Oklahoma.

"Wherefore the defendant in error moves that the appeal as to the said John Bradley in the above-entitled cause be dismissed."

Said affidavit so attached is in part as follows:

"That John Bradley, one of the plaintiffs in error, is without the jurisdiction of this court and is in the state of Texas, and as affiant verily believes has been in said state of Texas for the past several weeks; that affiant bases the above statement upon the following facts:

"Affiant is informed by members of said John Bradley's family that he was in Texas; and further that on the 2d day of May, 1921, the said John Bradley was called in the district court of Kiowa county, Okla., to come into said court and save his recognizance, which he failed to do; that thereafter his said bond was forfeited by order of the said district court and a warrant issued for his arrest as a fugitive from justice; that the sheriff of Kiowa county informs this affiant that the said John Bradley is out of the state of Oklahoma."

To this motion to dismiss no answer or response has been filed.

Under the repeated decisions of this court, when it is shown that the plaintiff in error is a fugitive from justice, or has left the jurisdiction of the state of Oklahoma, and cannot be made to answer any judgment upon the merits of his appeal which may be rendered by this court, the appeal will be summarily dismissed. Young v. State, 16 Okla. Cr. 116, 180 Pac. 872; Vann v. State, 10 Okla. Cr. 644, 133 Pac. 1197; Peel v. State, 9 Okla. Cr. 234, 131 Pac. 548; and many others.

Upon the uncontroverted facts plaintiff in error, John Bradley, has waived his right to have his appeal in this case considered and determined. The appeal as to plaintiff in error, John Bradley, is therefore dismissed.

Mandate forthwith.

MATSON and BESSEY, JJ., concur.