FRANK WIMBERLY v. STATE.

No. A-4690.   Opinion Filed July 2, 1924.
(226 Pac. 1065.)

(Syllabus.)

**Appeal and Error—Appeal Dismissed When Appellant Becomes Fugitive from Justice.** Where a defendant has been convicted and sentenced, and perfects an appeal. this court will not consider his appeal unless defendant is where he can be made

to respond to any judgment or order which may be rendered or entered in the case; and, where a defendant becomes a fugitive from justice pending the determination of his appeal, this court will on proper motion dismiss the appeal.

Appeal from County Court, McCurtain County; T. G. Carr, Judge.

Frank Wimberly was convicted of a violation of the prohibitory law, and he appeals. Appeal dismissed.

C. D. Wilkinson, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Frank Wimberly, was convicted on a charge that he did have possession of about 30 gallons of whisky with the unlawful intent to sell the same and his punishment fixed at six months' confinement in the county jail and a fine of $500. From the judgment rendered in pursuance of the verdict on March 25, 1923, an appeal was perfected by filing in this court on May 19, 1923, a petition in error with case-made.

On June 4, 1924, counsel for the state filed a motion to dismiss the appeal for the following reason:

"That plaintiff in error, Frank Wimberly, has fled from the jurisdiction of this court, as shown by the affidavits of the sheriff, undersheriff, and a citizen of McCurtain county."

No response or answer has been filed to this motion.

On the facts as averred in the motion and the affidavits attached thereto, we think the motion to dismiss the appeal should be sustained as coming within the rule declared by this court in numerous decisions that, where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal unless the defendant is where

he can be made to respond to any judgment or order which may be rendered or entered in the case, and, where the plaintiff in error becomes a fugitive from justice pending the determination of his appeal, this court will on proper motion dismiss his appeal. Belcher v. State, 9 Okla. Cr. 50, 130 Pac. 515; Glover v. State, 12 Okla. Cr. 287, 155 Pac. 199; Williams v. State, 11 Okla. Cr. 35, 141 Pac. 453.

It is our opinion that plaintiff in error has waived the right to have his appeal in this court considered and determined.

The appeal is therefore dismissed. Mandate forthwith.

MATSON, P. J., and BESSEY, J., concur.