## EUGENE C. McNUTT v. STATE.

No. A-4331.     Opinion Filed Nov. 8, 1924.
(229 Pac. 845.)

(Syllabus.)

**Appeal and Error—Appeal Dismissed Where Appellant Becomes Fugitive from Justice.** Where a defendant had been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case. And where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, pending the determination of his appeal, this court will on motion dismiss the appeal.

Appeal from District Court, Stephens County; Cham Jones, Judge.

Eugene C. McNutt was convicted of murder, and he appeals. Appeal dismissed.

W. C. Lewis, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Eugene C. McNutt, alias Earl Mason, was convicted of murder for having shot and killed Ben Coleman, on or about the 16th day of September, 1921, and his punishment assessed at imprisonment for life at hard labor. From the judgment rendered on the verdict he appealed by filing in this court on June 15, 1922, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal, on the ground that plaintiff in error has become a fugitive from justice.

Attached to said motion is the affidavit of W. C. Key, warden of the state penitentiary at McAlester, certifying that the plaintiff in error, Eugene C. McNutt, escaped from the state penitentiary on the 26th day of July, 1924, and that he is now a fugitive from justice.

In the response filed the facts stated in the motion to dismiss are not denied. On facts averred in the motion we think the motion to dismiss the appeal should be sustained as coming within the rule declared by this court in numerous decisions, that this court will not consider an appeal unless the plaintiff in error is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and when the plaintiff in error becomes a fugitive from justice pending the determination of his appeal, this court will on proper motion dismiss the appeal. Belcher v. State, 9 Okla. Cr. 50, 130 Pac. 515; Williams v. State, 11

Okla. Cr. 35, 141 Pac. 453; Glover v. State, 12 Okla. Cr. 287, 155 Pac. 199; Young v. State, 16 Okla. Cr. 116, 180 Pac. 872.

Upon the uncontroverted facts the plaintiff in error has waived the right to have his appeal in this court considered and determined. The appeal is therefore dismissed. Mandate forthwith.

MATSON, P. J., and BESSEY, J., concur.