## NORRIS CRABTREE v. STATE.

No. A-4902.    Opinion Filed March 16, 1925.
(233 Pac. 1093.)

(Syllabus.)

**Appeal and Error—If Accused Becomes Fugitive from Justice Pending Appeal, Appeal Dismissed.** Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case: and, where a defendant makes his escape from the custody of the law and becomes a fugitive from justice pending the determination of his appeal, this court will, on proper motion, dismiss the appeal.

Appeal from District Court, Tulsa County; Albert C. Hunt, Judge.

Norris Crabtree was convicted of murder, and he appeals. Appeal dismissed.

Ed Crossland, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

DOYLE, J. In the information in this case filed in the district court of Tulsa county, Norris Crabtree was charged with the crime of murder, alleged to have been committed in Tulsa county on the 25th day of February; 1923, by killing Robert A. Donnelly by shooting him with a pistol. A trial was had thereon, and the defendant was found guilty of murder as charged in the information, and his punishment fixed at imprisonment in the penitentiary for life. From the judgment rendered in accordance with the verdict on the 4th day of May, 1923, an appeal was perfected by filing in this court on October 31, 1923, petition in error with case-made attached.

The Attorney General has filed a motion to dismiss the appeal on the ground that plaintiff in error is now and has been, since the 8th day of January, 1925, a fugitive from justice, which motion is supported by the affidavit of W. S. Key, warden, who deposes that prisoner, Norris Crabtree, 13136, received from Tulsa county, on the 9th day of May, 2, 1923, under a sentence of life imprisonment, escaped from this institution on the 8th day of January, 1925.

The uniform holding of this court is that, where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider the appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case; and, where a defendant makes his escape from the custody of the law, and becomes a fugitive from justice pending the determination of his appeal, this court will, on proper motion, dismiss the appeal. McKellop v. State, 18 Okla. Cr. 326, 194 P. 457; Young v. State, 16 Okla. Cr. 116, 180 P. 872.

The motion to dismiss was filed February 3, 1925, and no response or answer thereto has been made.

It follows that plaintiff in error has waived the right to have his appeal in this case considered and

determined. The appeal is therefore dismissed and the cause remanded to the district court of Tulsa county.

BESSEY, P. J., and EDWARDS, J., concur.