## RAY TERRELL v. STATE.

No. A-5923.  Opinion Filed Oct. 7, 1926.
(249 Pac. 744.)

Maben & Joyce, for plaintiff in error.

George F. Short, Atty. Gen., Charles Hill Johns, Asst. Atty. Gen., and W. Lee Johnson, Co. Atty., for the State.

DOYLE, J.  Plaintiff in error, Ray Terrell, was convicted on an information charging that in Pawnee county, February 4, 1925, he did burglariously enter the building of the First State Bank of Maramec, and did feloniously, by the use of explosives, crack and open the safe of said bank, and in accordance with the verdict of the jury he was on June 1, 1925, by the judgment of said court sentenced to imprisonment in the penitentiary at McAlester for a term of 20 years.

From the judgment an appeal was perfected by filing in this court on November 24, 1925, a petition in error with case-made.

Counsel for the state have filed a motion to dismiss the appeal, in part as follows:

"That said plaintiff in error, Ray Terrell, is a fugitive from justice at this time.  That the said Ray Terrell,

plaintiff in error in this cause, was convicted of burglary with explosives in Pawnee county. That the said Ray Terrell was confined in the state penitentiary at McAlester under valid court process in order to hold him for safekeeping pending his trial upon a charge of conjoint robbery now pending in Pawnee county. That the said Ray Terrell was released from the state penitentiary at McAlester under an order of the district court of Pawnee county so that the said Ray Terrell could be transported to Ardmore, Carter county, Okla., to be tried in said Carter county upon a charge of burglary upon Monday, September 27, 1926. The said Ray Terrell was released from the state penitentiary at McAlester upon Friday, September 24th, and transported to Ardmore, Okla., and confined in the county jail at Ardmore. That said Ray Terrell escaped from the county jail of Ardmore by means of firearms used in overcoming the county jailer, and the said Ray Terrell having overcome the jailer bound and tied said jailer so that the said Ray Terrell could perfect his and other persons' escape. That the said Ray Terrell was to be tried upon the charge of conjoint robbery in Pawnee county upon October 11, 1926.

"For further grounds of this motion to dismiss, we respectfully invite this court's attention to the record of Ray Terrell, which is substantially as follows:

"That heretofore, and during the last five years, this defendant served a term of imprisonment in the Oklahoma state penitentiary at McAlester on a charge of grand larceny; that he is now a fugitive from justice from the state of Arkansas, having escaped from the Arkansas state penitentiary at Little Rock, where he was serving a ten-year sentence for grand larceny; that during the past five or six years all efforts to keep the defendant confined in jails to await trial on many charges have been in vain, because of the fact of his numerous escapes from said jails; that about two years ago he escaped from the Pawnee county jail by the use of firearms; that prior to that time he had escaped from the Payne county jail and from the Lincoln county jail and the Rogers county jail; that immediately prior to his trial in the district court of Pawnee county upon this case, and after his escape from the Pawnee county jail, he fled to the state of New Mexico, and was only recaptured

after having shot an officer of that state; that during the pendency of this appeal he left the state of Oklahoma, and was recaptured at Wichita Falls, Tex., and now stands charged with the commission of two different burglaries alleged to have been committed in Carter county during the time this appeal has been pending in this court; that the state of Kansas holds two felony warrants for this defendant, charging bank burglary in that state; that the state of New Mexico has a charge of attempt to kill pending against this defendant; that the state of Texas has numerous cases of burglary pending against this defendant."

—which motion is supported by the affidavit of W. Lee Johnson, county attorney of Pawnee county.

It has been repeatedly said by this court that it will not consider an appeal unless the plaintiff in error is where he can be made to respond to any order or decision which may be entered or rendered in the case, and, when the plaintiff in error becomes a fugitive from justice pending the determination of his appeal, this court will on proper motion dismiss the appeal. Vann v. State, 10 Okla. Cr. 644, 133 P. 1197; Williams v. State, 11 Okla. Cr. 35, 141 P. 453; Glover v. State, 12 Okla. Cr. 287, 155 P. 199.

We are of the opinion that plaintiff in error has waived the right to have his appeal in this cause considered and determined.

The appeal of plaintiff in error is accordingly dismissed. Mandate forthwith.

BESSEY, P. J., and EDWARDS, J., concur.