## VOL COOKSEY v. STATE.

No. A-6034. Opinion Filed Sept. 26, 1927.
(259 Pac. 604.)

Percy Powers, for plaintiff in error.

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and W. M. Williams, Co. Atty., of Mangum, for the State.

DOYLE, P. J. Plaintiff in error, Vol Cooksey, was tried and convicted for the offense of unlawful possession of intoxicating liquor, and in accordance with the verdict of the jury was sentenced to pay a fine of $500 and be confined in the county jail for 6 months. From the judgment an appeal was perfected by filing in this court petition in error with case-made on February 20, 1927.

Counsel for the state have filed a motion to dismiss the appeal, "for the reason that the said defendant, Vol Cooksey, is a fugitive from justice, having made his escape from the county jail of Greer county, Okla., on the 4th day of September, 1927, in which jail he was then being incarcerated to serve a sentence of $250 and a term of 60 days imprisonment, on a judgment affirmed

by this court in cause No. A-6083, 37 Okla. Cr. 348, 258 P. 1059, and that the whereabouts of the said Vol Cooksey is at this time unknown, and that he cannot be found and be made to perform any judgment that may be rendered by this court in this appeal. All of which appears from the affidavits of W. M. Williams, county attorney of Greer county, Okla., attached to this motion and made a part hereof."

It is the settled rule in this jurisdiction that where it is shown that the plaintiff in error is a fugitive from justice, or has left the jurisdiction of the state of Oklahoma, and cannot be made to answer any judgment upon the merits of his appeal which may be rendered by this court, the appeal will be summarily dismissed. Young v. State, 16 Okla. Cr. 116, 180 P. 872; Bradley v. State, 19 Okla. Cr. 473, 200 P. 788; Daley v. State, 23 Okla. Cr. 355, 214 P. 941.

Upon the uncontroverted facts plaintiff in error, Vol Cooksey, has waived the right to have his appeal in the case considered and determined. The appeal herein is therefore dismissed. Mandate forthwith.

EDWARDS and DAVENPORT, JJ., concur.