JERRY GRIMM et al. v. STATE.

No. A-6449. Opinion Filed May 26, 1928.
(267 Pac. 1043.)

L. C. McLean, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiffs in error Jerry Grimm and Jean Grimm were jointly tried and convicted on an information charging that in Garfield county, on or about the 23rd day of January, 1926, they did then and there unlawfully possess a compound mixture, mash, wort, or wash fit for distillation and for the manufacture of distilled spirits and alcoholic liquor, with the unlawful intent to use the same for the purpose of manufacturing and distilling spirits and alcoholic liquors, and in accordance with the verdict of the jury they were each sentenced to pay a fine of $500 and to imprisonment for a period of 6 months in the county jail.

From the judgment rendered on the verdict on October 9, 1926, an appeal was perfected by filing in this court, on November 30, 1926, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal on the ground that plaintiffs in error have become fugitives from justice. Attached to said motion is the affidavit of Dan Mitchell, sheriff of Garfield county, to the effect that said plaintiffs in error were in his custody and were being held in the Garfield county jail pending a trial on felony charges pending in the district court of said county, and that on the 17th day of February, 1928, they did break and escape from the Garfield county jail and are now fugitives from justice; that their whereabouts are unknown; and that the officers of Garfield county have been unable to locate either of said plaintiffs in error since their escape from Garfield county jail.

Said motion to dismiss was filed May 7, 1928, and notice duly served on L. C. McLean, counsel of record, and no response has been filed to said motion.

It has been repeatedly held by this court that, where

a convicted defendant perfects an appeal, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and where a defendant makes his escape from the custody of the law and becomes a fugitive from justice, pending the determination of his appeal, this court on motion will dismiss his appeal. Belcher v. State, 9 Okla. Cr. 50, 130 P. 515; Williams v. State, 11 Okla. Cr. 35, 141 P. 453; Glover v. State, 12 Okla. Cr. 287, 155 P. 199; Young v. State, 16 Okla. Cr. 116, 180 P. 872; McNutt v. State, 28 Okla. Cr. 176, 229 P. 845.

Upon the uncontroverted facts, the plaintiffs in error have waived their right to have their appeal in this court considered and determined. The appeal herein is therefore dismissed.

EDWARDS and DAVENPORT, JJ., concur.