## LILLIAN TOMPKINS v. STATE.

No. A-6248. Opinion Filed Dec. 15, 1928.
(272 Pac. 490.)

J. W. Simpson and E. I. Saddler, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county for manslaughter in the first degree, and was sentenced to serve a term of 60 years in the state penitentiary.

The appeal was lodged in this court May 22, 1926. Thereafter defendant gave an appeal bond, and was released from confinement. On March 12, 1928, the state filed a motion to dismiss the appeal, setting out that, since the appeal was lodged in this court, defendant has been convicted in the United States court for the Northern District of Oklahoma for a violation of the prohibition law, and was sentenced to serve a term of two years in the federal reformatory at Frankfort, Ky., and was committed to said prison at Frankfort, Ky., on March 5, 1928, and that defendant cannot be made to respond to any judg-

ment or order which may be rendered in this case. Defendant and her bondsmen have filed a response to said motion admitting that defendant was convicted in the United States Court for the Northern District of Oklahoma, as stated in the motion, and is now incarcerated and serving a sentence of two years in the reformatory at Frankfort, Ky., and pray that the court give them time to procure her return to the jurisdiction of this court. This response was filed March 16, 1928. Since then no further proceedings have been had so far as this court has been advised.

It is well settled by many decisions of this court that an appeal will not be considered, where the plaintiff in error is a fugitive or beyond the jurisdiction of the court, where he cannot be made to respond to any judgment or order which may be made in the case, and, upon proper motion and showing by the Attorney General, the appeal in such case will be dismissed. Morey v. State, 6 Okla. Cr. 166, 117 P. 724; Belcher v. State, 9 Okla. Cr. 50, 130 P. 515; Terrell v. State, 24 Okla. Cr. 301, 217 P. 900.

It being conclusively shown and admitted that defendant is now outside the state of Oklahoma, and in the custody and under confinement in a United States prison, and that she cannot be made to respond to any judgment or order which might be made in this case, the appeal is dismissed.

DOYLE, P. J., and DAVENPORT, J., concur.