## VERNON R. BEASLEY v. STATE.

No. A-7840. Opinion Filed July 11, 1931.
(1 Pac. [2d] 790.)

Sam S. Gill, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, Vernon R.. Beasley, was convicted on an information charging that on the 11th day of October, 1929, in Oklahoma county, he was guilty of operating a public nuisance, and according to the verdict of the jury was on the 3d day of January, 1930, sentenced to pay a fine of $500 and to be imprisoned in the county jail for three months.   From the judgment an appeal was perfected by filing in this court on May 2, 1930, a petition in error with case-made attached.

A motion to dismiss has been filed by the Attorney General, which, omitting the caption, is as follows:

"That the said Vernon R. Beasley, plaintiff in error, is a fugitive from justice and without the jurisdiction of this court, and under the holdings of this court an appeal will be dismissed when the plaintiff in' error is a fugitive from justice or cannot be made to respond to an order or judgment which may be entered or rendered in the case."

The motion to dismiss is supported by a satisfactory showing that the said Beasley is a fugitive from justice and not within the jurisdiction of the court, and his whereabouts is unknown.   It has been repeatedly held by this court that it will not consider an appeal unless the plaintiff is where he can be made to respond to any order or decision that may be entered in the case, and when the plaintiff in error becomes a fugitive from justice, pending the determination of his appeal, this court will upon proper motion dismiss the appeal.   Williams v. State, 11 Okla. Cr. 35, 141 Pac. 453; McKellop v. State, 18 Okla. Cr. 326, 194 Pac. 457; Daley v. State, 23 Okla. Cr. 355,

214 Pac. 941; Terrell v. State, 35 Okla. Cr. 183, 249 Pac. 744.

The plaintiff in error has waived his right to have his appeal in this cause considered. The appeal of the plaintiff in error is dismissed. Mandate ordered forthwith.

EDWARDS and CHAPPELL, JJ., concur.