### R. H. PRICE v. STATE.

No. A-9923.  Sept. 2, 1942.
(128 P. 2d 1021.)

Edward M. Box, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and Walter Marlin, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

JONES, J. R. H. Price was jointly charged with one Ed. W. Spivey and Frank Wilkins, by indictment presented and filed in the district court of Oklahoma county, with the crime of bribery, was tried, convicted and sentenced to serve five years in the State Penitentiary and has appealed.

For a full statement of the facts out of which this prosecution was instituted, reference is made to the cases of Spivey v. State, 69 Okla. Cr. 397, 104 P. 2d 263; and Wilkins v. State, 70 Okla. Cr. 1, 104 P. 2d 289.

Subsequent to the filing of the appeal herein the State of Oklahoma, acting through the Attorney General, filed its motion to dismiss the appeal of said defendant, which motion alleges in substance as follows:

"That subsequent to the filing of the bribery case in the state court, the defendant was charged by indictment in the United States District Court for the Western District of Oklahoma with evasion of income tax for the calendar years 1936 and 1937; that thereafter, on May 10, 1941, said defendant personally appeared in Federal Court, entered a plea of guilty to said indictment, and was sentenced to serve a term of three years in the Federal Penitentiary at Leavenworth, Kansas, said sentence to begin from the date of his delivery to said institution. That thereafter, on July 7, 1941, the defendant was transported by the United States Marshal and delivered to the Warden of the United States Penitentiary at Leavenworth, Kansas, where he is now confined.

"That said indictment and plea of guilty arose from the failure of the defendant to pay income tax upon the bribe money received by him upon which the indictment and conviction in the instant case was had.

"That at the time said defendant appeared in the Federal Court for sentence he was questioned by the United States District Judge concerning said transaction and admitted, among other things, that he received his portion of the bribe money upon which the state's case herein was based. That defendant also admitted he received a part of the money which was paid as a bribe in what is known as the termite deals in connection with the Oklahoma City schools; he further admitted that he received money as a part of the bribes paid in a number of other transactions while he was a member of the Oklahoma City School Board, which other transactions were introduced in evidence as other offenses for the purpose of showing the common scheme or plan of defendant and his co-conspirators in connection with the specific offense with which the defendant stood charged in the instant case.

"That said defendant, by his admissions in open court, confessed that his testimony given in the prosecution in the state court, out of which this appeal was had, was false and perjured, and that the testimony offered by the state's witnesses was true.

"That said defendant, by voluntarily entering his plea of guilty in said case and by surrendering himself to the United States Marshal and being transported beyond the jurisdiction of this court, has voluntarily removed himself from the jurisdiction of this court to where he cannot be made to respond to any judgment or order which the Criminal Court of Appeals may render or enter in said case."

A copy of said motion was duly served upon defendant and his counsel, but no response nor brief has been filed in this court by or on behalf of said defendant, although many weeks have elapsed since said motion was

filed. It is assumed, therefore, in the absence of a denial, that all of the allegations set forth in said motion to dismiss are true.

In the case of Hayes v. State, 50 Okla. Cr. 178, 296 P. 988, it is held:

"Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case."

In that case plaintiff in error had been convicted in the district court of Osage county of manslaughter in the first degree and sentenced to serve a term of ten years in the State Penitentiary. A motion to dismiss the appeal was filed alleging that subsequent to the conviction of defendant he had entered a plea of guilty in the United States District Court for the Northern District of Oklahoma on a charge of transporting whisky and was sentenced to serve three years in the Federal Penitentiary at Leavenworth, Kansas, where he was then incarcerated. The motion to dismiss was sustained.

There have been many other cases where the defendant, subsequent to his conviction in the state court, has entered his plea of guilty or been tried and convicted in the federal court, or some adjoining state court, and thus removed himself from the jurisdiction of this court to where he would be unable to respond to any order or judgment which this court might render, and in all of which cases, upon such matter being called to the attention of this court by a proper motion to dismiss, the appeal was dismissed. Tompkins v. State, 41 Okla. Cr. 265, 272 P. 490; Morgan v. State, 14 Okla. Cr. 466, 172 P. 974; Terrell v. State, 24 Okla. Cr. 301, 217 P.

900; Exline v. State, 48 Okla. Cr. 181, 290 P. 349; Evinger v. State, 35 Okla. Cr. 12, 247 P. 416.

Not only has this general rule above set forth been strictly adhered to by this court where the defendant has been convicted of another crime which resulted in his removal from the jurisdiction of this court, but it appears that said rule should especially apply to the instant case for the reason that the crime for which the defendant was sentenced in the federal court involved a part of the same transactions out of which the prosecution in the case herein was maintained. It appears to us that it would be a futile gesture to consider the appeal herein, as the defendant has now admitted that his evidence which is incorporated in the record filed in this court was false and perjured, and that the testimony of the witnesses used by the state was true, and that he was one of the school board members who betrayed his trust by receiving bribes to commit official acts as alleged in the indictment filed against him.

However, before disposing of this appeal, this court has considered the record and has found no error of a substantial nature but because the appeal will be dismissed, an elaborate opinion dealing with the various assignments of error presented by the petition in error will not be written.

It is our conclusion that under the rule hereinabove stated, the defendant has wavied his right to have the appeal herein considered and determined.

The appeal is therefore dismissed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.