## SNYDER v. STATE.

No. A-11284.   Oct. 19, 1949.

(210 P. 2d 787.)

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Elmer W. Adams, Co. Atty., Tulsa County, Tulsa. for defendant in error.

POWELL, J. The defendant, Maurice "Buster" Snyder, was charged by information in the district court of Tulsa county, on October 19, 1948, with petit larceny, second offense, was tried, convicted and sentenced to serve a term of four years in the State Penitentiary at McAlester.

On August 1, 1949, the county attorney of Tulsa county filed a motion in this court to dismiss this appeal, in part stating:

"That thereafter on the 29th day of April, 1949 the defendant herein, Maurice "Buster" Snyder alias Jack Wilson, was charged in case number 58467 in the Court of Common Pleas, Tulsa County, Oklahoma, with the crime of First Degree Rape in that on the 13th day of April, 1949, he had sexual intercourse with one Shirley Smith, a female person thirteen years of age, that a warrant for the arrest of the defendant herein was issued by the Court of Common Pleas, Tulsa County, Oklahoma, that George H. Blaine, Sheriff, and his deputies, have made a thorough and diligent search in Tulsa County, Oklahoma and within the State of Oklahoma for the person of the defendant herein, that they have been unable to find the defendant within the State of Oklahoma. That on May 17, 1949, the County Attorney's Office, Tulsa County, Oklahoma requested the United States Attor-

ney, Tulsa County, Oklahoma, to file a fugitive complaint against the said defendant and to issue a flight warrant for his apprehension; that said flight warrant was issued, that the combined efforts of the Police Department of the City of Tulsa, the Sheriff's Office of Tulsa County, Oklahoma and the Federal Bureau of Investigation have been unable to locate and apprehend the defendant herein within the State of Oklahoma.

"That further the defendant herein, Maurice "Buster" Snyder alias Jack Wilson, is now and has been for some time past outside the jurisdiction of this Court and that the defendant Maurice "Buster" Snyder alias Jack Wilson cannot be made to respond to any judgment herein by reason of his leaving the State of Oklahoma is beyond the jurisdiction of this Court."

Attached to the motion is affidavit made by the chief criminal deputy in the office of the sheriff of Tulsa county detailing efforts of various state law enforcement agencies, as well as the F. B. I., in trying to apprehend the defendant.

The defendant's attorney has filed a response to the motion to dismiss, admitting practically all the allegations contained in the motion except the conclusion that the defendant, under the facts set out, is a fugitive from justice, stating:

"The plaintiff in error denies that he is not amenable or cannot be made to respond to any order or judgment which may be rendered in this case, and that he will be available to answer and respond to any order or judgment of this Honorable Court."

On oral argument counsel for defendant stated that he had not had direct contact with the defendant since the charge of rape had been filed and warrant issued, and did not know his client's whereabouts, but denied that defendant was out of the jurisdiction of this court, contending that "through the grapevine" he understood that

defendant had at all times since the perfection of appeal in the within case been within the State of Oklahoma, and that the state must show flight from the state.

The undenied allegations of the petition, with supporting affidavit, makes out a prima facie case of flight from this jurisdiction. No effort has been made to overcome the allegations in the motion to dismiss by counter affidavits showing the whereabouts of the defendant since the perfection of the within appeal. More is required of the defendant than the mere denial through his attorney that defendant is a fugitive. Facts must be set out to show that defendant has at all times, since the perfecting of his appeal, been within the jurisdiction of this court, and his present whereabouts disclosed. Good faith requires this.

The fact that defendant has avoided seeing his own attorney, and that his method of contact in opposing the motion to dismiss has been entirely indirect and furtive, cannot be overlooked by this court, and more especially cannot be approved. See: Beasley v. State, 51 Okla. Cr. 287, 1 P. 2d 790; Oliver v. State, 55 Okla. Cr. 208, 28 P. 2d 590; Herring v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Burton v. State, 88 Okla. Cr. 147, 200 P. 2d 772; 22 C.J.S., Criminal Law, § 747, p. 1285.

For the reasons stated the motion to dismiss is by this court sustained, the case remanded to the trial court, and it is ordered that the judgment and sentence of the district court herein be carried into execution. Mandate forthwith.

JONES, P. J., and BRETT, J., concur.